BYRON A. OSGOOD *vs.* LYNN & BOSTON RAILROAD COMPANY.

Middlesex.    January 11. — March 1, 1881.    COLT & FIELD, JJ., absent.

Under the St. of 1871, c. 381, § 21, providing that street-railway corporations "shall be liable for any loss or injury that any person may sustain by reason of any carelessness, neglect or misconduct of its agents and servants, in the construction, management and use of its tracks," a husband may maintain an action against such a corporation for loss of services and society of and expense of curing his wife, who is injured by a defective construction of its tracks, even though the tracks are constructed to the satisfaction of the superintendent of streets.

TORT for loss of services and society of and expense of curing the plaintiff's wife, who was injured by an alleged defective construction of the defendant's tracks in Lynn.    Answer, a general denial.    At the trial in the Superior Court, before *Colburn*, J., the jury returned a verdict for the plaintiff in the sum of $750; and the defendant alleged exceptions to the rulings and refusals to rule of the judge, which appear in the opinion.

*T. P. Proctor*, for the defendant.

*D. F. Crane & R. Lund*, for the plaintiff, were not called upon.

MORTON, J.    Under the instructions given them, the jury must have found that the defendant negligently constructed its track so as to create an obstruction or defect in the highway, by reason of which the wife of the plaintiff was injured.

At common law, the defendant would be liable to any person injured by such negligence.    The statute, in affirmance of the rule of common law, provides that "every corporation, its lessees or assigns, shall keep in repair such portions of any paved streets, roads and bridges as are occupied by its tracks; and when such tracks occupy streets or roads that are not paved, it shall, in addition to the portion occupied by its tracks, keep in repair eighteen inches on each side thereof, to the satisfaction of the superintendent of streets, the street commissioner or the surveyors of highways, and shall be liable for any loss or injury that any person may sustain by reason of any carelessness, neglect or misconduct of its agents and servants, in the construction, management and use of its tracks."    St. 1871, c. 381, § 21.

The defendant asked the court to rule that, "if the tracks of the defendant corporation were constructed in conformity with

the requirements of the municipal authorities and to the satis-faction of the superintendent of streets, the defendant would not be liable for any injury resulting from the mode in which the tracks were laid." The court declined so to rule, but ruled "that, if the jury were satisfied that there was a construction of the railroad tracks of the defendant not necessary to the proper use and enjoyment of its franchise to occupy the street in conformity with its charter and location, such construction might be a defect, for which the corporation would be liable in this action, even although the jury were satisfied that the tracks were constructed to the satisfaction of the superintendent of streets;" "but that, if the municipal authorities required the tracks to be constructed in the manner claimed to constitute the defect, the defendant is not liable in this action."

These rulings were sufficiently favorable to the defendant. If a street-railway corporation, by the carelessness of its agents or servants, constructs its track so as to create a nuisance or defect in the street, the law makes it liable to any person injured by such carelessness, and the fact that the superintendent of streets is satisfied with the construction does not make it any less a defect, or exonerate the corporation from its liability to the person injured. The statute makes the corporation "liable for any loss or injury that any person may sustain by reason of any carelessness" in the construction of the tracks, and does not make the judgment of the superintendent of streets the conclusive test of the liability.

The defendant also asked the court to rule "that no action for loss of services can be maintained against a street-railway corporation for the negligence of its servants in the construction and maintenance of its tracks in a highway, but that its liability for such negligence is limited to the person who receives bodily injury or damage in his property by reason of a defective con-struction caused by such negligence." The court refused this request, and ruled that the plaintiff could recover for the ex-pense of the cure of his wife and for the loss of her services and society. These rulings were correct. The rule of damages adopted by the court is the rule at common law, and the statute does not restrict or limit the common law liability. It makes the corporation liable, in the broadest terms, for any loss or

injury sustained by any person by reason of its negligence.   The defendant relies on the case of *Harwood* v. *Lowell*, 4 Cush. 310. It was there held that, under the statute which made a town or city liable to any person who received "any injury in his person or property by reason of any defect" in a way, a husband could not recover for expenses incurred by him, or for the loss of services of his wife, in consequence of an injury to her by reason of a defect in a highway, but that the liability of the city was limited to the direct injury to the person or the property of the party injured.   That decision turned entirely upon the construction of the statute creating the liability of towns and cities for defects in highways.   As we have seen, that statute is materially different from the statute defining the liability of street-railway corporations, and therefore that case has no application to the case at bar.   See *M'Carthy* v. *Guild*, 12 Met. 291.

*Exceptions overruled.*