ROBERT B. DICKIE *vs.* BOSTON AND ALBANY RAILROAD
COMPANY.
HELEN E. DICKIE *vs.* SAME.

Berkshire.    Sept. 13. — Nov. 12, 1881.    LORD & DEVENS, JJ., absent.

A person injured by a defect in a bridge, forming part of a highway, which a
railroad corporation is bound to keep in repair, cannot maintain an action
against the corporation without giving the notice required by the St. of 1877,
c. 234, § 3, to be given to the "persons" obliged to keep the same in repair;
and an omission in the declaration to allege the giving of such notice may be
availed of by demurrer.

A notice to a railroad corporation, bound by law to keep in repair a bridge form-
ing part of a highway in a town, that a person has been injured by "a defect
in the bridge," does not sufficiently designate the cause of the injury, within
the St. of 1877, c. 234, § 3; and, in an action by the injured person against the
corporation, a declaration alleging such statement of the cause of the injury in
the notice is bad on demurrer.

ENDICOTT, J.    These are actions of tort for injuries, occa-
sioned to the respective plaintiffs by reason of an alleged defect
in a bridge, which formed part of a highway in Pittsfield, upon
which the plaintiffs were travelling.    The railway of the defend-
ant passed under the highway at this point, and no question is
made that the defendant was authorized to construct and main-
tain this bridge.

By the provisions of the defendant's charter, and by the
general laws of the Commonwealth, it is required to keep this
bridge in repair.    St. 1833, c. 116, § 13.    St. 1867, c. 270, § 4.
Rev. Sts. c. 39, § 72.    Gen. Sts. c. 63, § 61.    St. 1874, c. 372,
§ 95.    The town of Pittsfield, therefore, was under no liability
to keep that portion of this highway in repair which was occu-
pied by the bridge, because other sufficient provision is made
by law for its maintenance and repair.    Gen. Sts. c. 44, §§ 1, 22,
amended by the St. of 1877, c. 234, §§ 1–3.    *White* v. *Quincy*,
97 Mass. 430, and cases cited.    *Wilson* v. *Boston*, 117 Mass.
509.    *Rouse* v. *Somerville*, 130 Mass. 361.

The defendant comes within the provisions of §§ 1–3, above
recited, which enable any person who has received an injury
through any defect or want of repair in or upon any highway,
townway, causeway or bridge, and who has complied with the
other requirements of the statute to recover damages therefor

from the county, town, place, or "persons, by law obliged to keep" the same in repair. The word "persons" includes corporations, and applies to the defendant. Gen. Sts. *c.* 3, § 7, *cl.* 13. *Otis Co.* v. *Ware*, 8 Gray, 509. *Greene Foundation* v. *Boston*, 12 Cush. 54, 59. *United States* v. *Amedy*, 11 Wheat. 392.

The defendant in the first action was, therefore, entitled to the notice provided in these sections. This has been held to be a condition precedent to the plaintiff's right to maintain any action for injuries received by reason of such defect. *Gay* v. *Cambridge*, 128 Mass. 387. *Mitchell* v. *Worcester*, 129 Mass. 525. The declaration fails to allege such notice, and as the fact of such notice is necessary to constitute a cause of action, the omission may be availed of by demurrer. *Commonwealth* v. *Dracut*, 8 Gray, 455.

In the second action, the plaintiff amended her declaration, and alleged that she gave the required notice to the defendant in writing, and the notice given is attached to, and made part of, the amendment. But this notice does not state the cause of the injury; it is not enough to say that the injury was caused by "a defect in the bridge," but the defect should be so described that the defendant may be informed of its character. *Noonan* v. *Lawrence*, 130 Mass. 161. *Miles* v. *Lynn*, 130 Mass. 398. It appearing in the declaration that the notice given was not as required by the statute, the defendant could properly demur to the declaration.

The demurrers were, therefore, properly sustained in the Superior Court. And in both cases there must be

*Judgment for the defendant.*

*F. W. Rockwell*, (*A. J. Waterman* with him,) for the plaintiffs.
*T P. Pingree & J. M. Barker*, for the defendant.