JOHN H. BROOKHOUSE *vs.* UNION RAILWAY COMPANY.

Middlesex. January 20, 1880. — January 4, 1882.

The provision of the St. of 1877, c. 234, § 3, that any person injured by a defect in a highway may bring an action of tort therefor in the Superior Court, does not apply to an action of tort, under the St. of 1871, c. 381, § 21, against a street railway corporation, for an injury caused by a defective construction of its tracks; and this court has jurisdiction of such an action brought before the St. of 1880, c. 28.

TORT for personal injuries. The declaration alleged that the defendant corporation, on May 14, 1879, owned or leased, and maintained and operated, a street railway and the tracks thereof, on and over an unpaved street, called Cambridge Street, in that part of Boston formerly Brighton; that the defendant was bound to keep in repair and free from any defect said tracks and the portion of said street occupied thereby, and eighteen inches on each side thereof; that the same were negligently suffered by the defendant to be defective and out of repair; and that the defendant, by its agents and servants, was careless, negligent, and guilty of misconduct in the construction, management and use of said tracks, whereby the plaintiff, on the day above named, travelling in a carriage drawn by a horse, on said street, and attempting to cross said tracks, and using due care, was violently thrown out of the carriage upon the ground, and received the injuries complained of. Writ dated January 22, 1880, returnable to this court. The defendant filed a plea to the jurisdiction,

alleging that the Superior Court, and not this court, had jurisdiction of the cause of action; and also filed an answer containing a general denial.

At the trial, before *Endicott*, J., the plaintiff offered to prove the facts alleged in the declaration. Upon this offer of proof, the defendant asked the judge to rule that this court had no jurisdiction of the action. The case was then taken from the jury by consent, and reported for the consideration of the full court. If the ruling should have been given, the plaintiff was to become nonsuit; otherwise, the case to stand for trial.

*T. H. Sweetser & W. H. Martin*, for the defendant.

*H. W. Muzzey & J. W. Hammond*, for the plaintiff.

ENDICOTT, J. By the provisions of the Gen. Sts. *c.* 44, § 22, any person injured by a defect or want of repair in a highway may recover of the county, town, place or person by law obliged to repair the same, for any damage occasioned by the defect or want of repair, if such county, town, place or person had notice of the defect or want of repair, or if the same had existed for twenty-four hours previous to the occurrence of the injury or damage. Under this section it has been repeatedly held that, if a highway is not safe and convenient for travellers, and if a defect or want of repair therein had existed for twenty-four hours, or there was reasonable notice of it, the county, town, place or person by law required to keep the same in repair is liable to any person travelling thereon and injured thereby while in the exercise of due care, whether the defect arose from negligence, or from causes beyond the control of the party required to keep the highway in repair. *George* v. *Haverhill*, 110 Mass. 506.

By the St. of 1871, *c.* 381, § 21, it is provided that a street railway company shall keep in repair such portions of any paved highway as are occupied by its tracks, and when its tracks are laid in any highway not paved, then, in addition to the portion occupied by its tracks, it shall keep in repair eighteen inches on each side thereof, to the satisfaction of the superintendent of streets or the surveyors of highways; and shall be liable to any person who sustains injury by reason of the carelessness, neglect or misconduct of its servants in the construction, management and use of such tracks. See St. 1866, *c.* 286.

If the Legislature had merely provided in this statute that a street railway company should keep in repair certain portions of any highway occupied by its tracks, then such corporation would clearly come within the provisions of the Gen. Sts. *c.* 44, § 22; for the words " person who by law is obliged to repair the same " extend and apply to corporations. Gen. Sts. *c.* 3, § 7, *cl.* 13. *Greene Foundation* v. *Boston*, 12 Cush. 54.    *Otis Co.* v. *Ware*, 8 Gray, 509.    *United States* v. *Amedy*, 11 Wheat. 392.    But the further provisions relating to liability differ materially from the provisions of the Gen. Sts. *c.* 44, § 22; and make a street railway corporation liable for loss or injury that any person may sustain by reason of any carelessness, neglect or misconduct of its agents and servants in the construction, management or use of its tracks.    The mere fact that the defect or want of repair causing the injury had existed twenty-four hours, or that the corporation had reasonable notice of the same, is not the sole test of its liability; on the contrary, it would be liable without notice, and within twenty-four hours, if the injury was caused by the neglect or misconduct of its servants.    It is manifest that the Legislature, while it imposed upon these corporations certain duties in regard to the repair of those portions of all highways occupied by their tracks, did not intend to impose upon them the same liabilities only, and upon the same conditions, as set forth in the Gen Sts. *c.* 44, § 22.

The liability declared by the last clause of the St. of 1871, *c.* 381, § 21, is substantially the same as that which the common law imposes upon persons who place obstructions to travel in the public highways, whereby injury is done to persons or property.    *Osgood* v. *Lynn & Boston Railroad*, 130 Mass. 492.

The whole scope and purpose of the St. of 1877, *c.* 234, are to change and amend the Gen. Sts. *c.* 44, § 22.    It is entitled " an act to amend chapter 44 of the General Statutes; " the only statutes which it expressly repeals are §§ 1, 22 of that chapter, imposing a restricted liability, and it was obviously not intended to repeal or affect any statute declaring or enacting a more extensive liability of persons or corporations.

In the case at bar, the declaration alleges not only that the defendant suffered that part of the highway which it was bound to keep in repair to be out of repair, but also that the defendant,

by its agents and servants, was careless, negligent and guilty of misconduct in the construction, management and use of its tracks. Neither the jurisdiction nor the extent of its liability for such negligence are affected by the St. of 1877. *Osgood* v. *Lynn & Boston Railroad, ubi supra.* How far that statute may affect the case if the plaintiff upon the trial shall fail to prove such negligence, is not now before us. See *Locks & Canals* v. *Lowell Horse Railroad,* 109 Mass. 221; *Hawks* v. *Northampton,* 116 Mass. 420; *Dickie* v. *Boston & Albany Railroad,* 131 Mass. 516.

The result is, that this action, having been brought in this court before the St. of 1880, *c.* 28, had enacted that no action of tort should be hereafter brought here, must

*Stand for trial.*

## MEMORANDUM.

On the ninth day of January, 1882, Chief Justice GRAY, by accepting the office of Associate Justice of the Supreme Court of the United States, resigned the office of Chief Justice of this court, which he had held since the fifth day of September, 1873.