JOHN H. MACK vs. BOSTON AND ALBANY RAILROAD
COMPANY.

Berkshire.    September 10, 1895. — October 17, 1895.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Defective Way at Grade Crossing — Action — Right
of Railroad Corporation to Notice of Injury.*

A person injured by a defect in a highway, where it is crossed by a railroad at grade, which the railroad corporation is bound, under the Pub. Sts. c. 112, § 124, to keep in repair, cannot maintain an action against the corporation without giving the notice required by the Pub. Sts. c. 52, §§ 19, 21, to be given to the "persons" obliged to keep the same in repair.

LATHROP, J.    This is an action of tort, for personal injuries sustained by the plaintiff while travelling upon a public highway in the town of Adams, at a place where the highway crosses at grade a railroad operated by the defendant under a lease. The crossing was covered with planks.    The plaintiff, who was driving at night in a carriage drawn by a span of horses, so guided his horses that the left forward wheel of his carriage did not touch the planks, but struck one of the rails of the railroad.    This caused the wheel to break, the horses ran, and the plaintiff was thrown out and injured.    We assume in his favor, without deciding, that there was evidence which would warrant a jury in finding that the planks did not correspond with the travelled part of the way, so that there was evidence of a defect in the way caused by the defendant.

We are of opinion, nevertheless, that the presiding justice of the Superior Court rightly ordered a verdict for the defendant. The declaration does not allege that any written notice of the time, place, and cause of the injury was given to the defendant, and the bill of exceptions states that no such notice was served upon it.    By the Pub. Sts. c. 52, § 1, highways are to be kept in repair at the expense of the town, city, or place in which they are situated, "when other provision is not made therefor, so that the same may be reasonably safe and convenient for travellers, with their horses, teams, and carriages, at all seasons of the

year." Section 18 of the same chapter gives a right of action to a person injured through a defect or want of repair in a highway, town way, causeway, or bridge, against the county, town, place, or persons by law obliged to repair the same. Section 19 provides that "a person so injured shall, within thirty days thereafter, give to the county, town, place, or persons by law obliged to keep said highway, town way, causeway, or bridge in repair, notice of the time, place, and cause of the said injury or damage." And by § 21 such notice is required to be in writing. The duty of keeping a highway in repair, where it is crossed by a railroad, is imposed upon a railroad corporation by the Pub. Sts. c. 112, § 124, which provides that it shall "so guard or protect its rails by plank, timber, or otherwise, as to secure a safe and easy passage across its road." That the railroad corporation is entitled to a notice, under §§ 19 and 21, for an injury caused by a failure on its part to perform the obligation imposed upon it by law, is settled by the case of *Dickie* v. *Boston & Albany Railroad*, 131 Mass. 516.          *Exceptions overruled.*

*M. E. Couch,* (*C. J. Parkhurst* with him,) for the plaintiff.

*M. Wilcox,* for the defendant.