JAMES DOBBINS *vs.* WEST END STREET RAILWAY COMPANY.

Middlesex.    March 23, 1897. — June 14, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Street Railway — Personal Injuries — Notice — Statute.*

A street railway is entitled to the notice required by Pub. Sts. c. 52, § 19, to be given to the "county, town, place, or persons by law obliged to keep said highway . . . in repair," as a condition precedent to the right to sue it given by § 18, for injuries caused by a defect in the highway between the railway tracks due to its neglect of its obligation to repair, imposed by Pub. Sts. c. 113, § 32.

TORT, for personal injuries occasioned to the plaintiff by the neglect of the defendant to keep a certain highway in repair, whereby the plaintiff, travelling thereon, was hurt. There was no allegation in the declaration, nor was there any proof at the trial, that notice of the time, place, and cause of the injury was given to the defendant within thirty days from the time the injury was received.

Trial in the Superior Court, before *Mason*, C. J., who, at the

close of the evidence for the plaintiff, directed a verdict for the defendant; and the plaintiff alleged exceptions.

*S. H. Tyng*, for the plaintiff.

*P. H. Cooney*, (*L. F. Hyde* with him,) for the defendant.

HOLMES, J.  This is an action against a street railway company for injuries caused by a defect in the highway between the railway tracks, which was due to the defendant's neglect of its obligation to repair, imposed by Pub. Sts. c. 113, § 32.  The question is whether the defendant was entitled to the notice required by Pub. Sts. c. 52, § 19, to be given to the "county, town, place, or persons by law obliged to keep said highway . . . in repair," as a condition to the right to sue it given by § 18.

The difficulty is here.  The obligation to repair the highway at the point where the accident happened is created by the beginning of Pub. Sts. c. 113, § 32.  The liability to persons injured by a neglect of the duty may be derived either from the same section, or from Pub. Sts. c. 52, § 18.  The former, dealing with other liabilities as well, has no requirement of notice.  The latter, dealing only with the liability for a defect in the highway, has attached to it a requirement of notice in terms which cover all cases.  But Pub. Sts. c. 52, §§ 18, 19, correspond to St. 1877, c. 234, §§ 2, 3, which were passed to amend the law as to liability for defects in highways, and have been declared in pretty broad terms not to affect the act of 1871, (c. 381, § 21,) from which § 32 of Pub. Sts. c. 113, is derived.  *Brookhouse* v. *Union Railway*, 132 Mass. 178, 180.

We regard the present question as left open by the last part of the decision cited.  There is no reason for applying a peculiar rule to street railways.  The provisions of Pub. Sts. c. 113, § 32, deal in one sentence with liabilities for defects in the highway, and for other things as to which no notice would be required.  The declaration considered in *Brookhouse* v. *Union Railway* was as broad as the statute.  But when it appears that the cause of action is a defect in the highway, we are of opinion that the words of Pub. Sts. c. 52, § 19, should be given their natural construction and effect, and should not be narrowed artificially in order to create an abnormal exception.  See *Dickie* v. *Boston & Albany Railroad*, 131 Mass. 516; *Mack* v. *Boston & Albany Railroad*, 164 Mass. 393.

*Exceptions overruled.*