SAMUEL G. PURINTON *vs.* INHABITANTS OF SOMERSET.

Bristol.    October 23, 1899. — November 29, 1899.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Lowering of a Public Highway by a Street Railway Company — Damages — Action against Town.*

At the trial of an action for damages sustained by the plaintiff in his property by the lowering of a public highway in front of his land in the defendant town, it appeared that the lowering was done by a street railway company, acting under authority of a franchise from the defendant's selectmen granted before the St. of 1898, c. 578, entitled " An Act relative to street railways," that the selectmen acted within their authority in granting the franchise, and that the case did not come within the Pub. Sts. c. 52, § 15, which provide compensation for damages occasioned by the raising, lowering, etc., of a highway or townway. *Held,* that there was no ground for holding the defendant liable.

TORT, for damages sustained by the plaintiff in his property by the lowering of a public highway in front of his land in the ·defendant town. Trial in the Superior Court, before *Fessenden,* ,J., who, at the conclusion of the evidence and at the request of the defendant, directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions, which appear in the opinion.

*J. C. Blaisdell,* for the plaintiff.

*F. S. Hall,* for the defendant.

LATHROP, J.   The plaintiff seeks to recover damages sustained by him in his property by reason of the lowering of a public highway in front of his land in the defendant town.   The lowering was done by a street railway company, acting under authority of a franchise granted it by the selectmen of the defendant. The bill of exceptions does not state when this was done, although it was stated at the argument that it was before the St. of 1898, c. 578, entitled "An Act relative to street railways." It was not disputed at the argument that the selectmen acted within their authority in granting the franchise; and it was admitted that the case did not come within the Pub. Sts. c. 52, § 15, which provide compensation in case of damages occasioned by the raising, lowering, etc., of a highway or townway.   Under these circumstances we see no ground for holding the defendant liable.   *Callender* v. *Marsh*, 1 Pick. 418.   *Brown* v. *Lowell*, 8 Met. 172, 175.   *Sisson* v. *New Bedford*, 137 Mass. 255.   *Sullivan* v. *Fall River*, 144 Mass. 579, 585.

*Exceptions overruled.*