EDWARD LAROE *vs.* NORTHAMPTON STREET RAILWAY COMPANY.

Hampshire.    September 19, 1905. — October 17, 1905.

Present: KNOWLTON, C. J., LATHROP, HAMMOND, LORING, & BRALEY, JJ.

*Street Railway.    Way.*

The owner of land abutting on a street of a town cannot maintain an action against a street railway company for injuries to his land caused by a change in the grade of the portion of the street where the tracks of the railway company are laid made by the company in constructing its road under a location granted by the selectmen of the town, if the change of grade was made in accordance with the grant of location.

If the grant of a location by the selectmen of a town to a street railway company contains no provision in regard to a change in the grade of the street in which the tracks are to be laid, the grant includes the right to make such changes in the grade of the street as are reasonably necessary for the construction of the railway.

In an action by the owner of land abutting on a street of a town against a street

railway company for injuries to the plaintiff's land from a change of grade in the street made by the defendant in the construction of its road under a grant of location from the selectmen of the town, if no grade was fixed in the location and no grade was defined by the selectmen in the order granting the location or subsequently, and, if the plaintiff concedes that the work of the defendant in changing the grade of the street and constructing its road was done properly as street railway construction, it must be taken that the change of grade was in accordance with the grant of location.

THE following statement of the case is taken from the opinion of the court:

This is an action of tort brought by an abutter on a public way against a street railway company for building an embankment on the way, some six to fifteen inches in height, in the construction of its tracks. The damage was caused by turning surface water on to the plaintiff's land and otherwise. The plaintiff offered to show " that no grade was fixed in the location granted to the street railway company; that no grade was defined by the selectmen in the order of location or subsequent thereto; that such changing of grade in the process of construction was not made by an order or direction of the selectmen or the superintendent of streets; that no authority for building the embankment and raising the grade above the natural surface of the street had been given to the street railway company, the location not having been given any grade lines and the same not having been furnished before construction." The plaintiff conceded " that the defendant had a location to construct a street railway under the statutes," and " that in the building of the embankment and the construction of the road the work was properly done as street railway construction." The plaintiff owned the fee in that part of the way on which the embankment in question was constructed. Upon these facts a verdict was directed for the defendant, and the case is here on report.

*E. L. Shaw & J. L. Lyman,* for the plaintiff.

*J. C. Hammond & H. P. Field,* for the defendant.

LORING, J. [After the foregoing statement of the case.] In *Callender* v. *Marsh,* 1 Pick. 418, it was decided that no action can be maintained by an abutter for raising or lowering the grade of a highway by one authorized so to do.

In the Revised Statutes it was provided that an abutter should have compensation when he sustained damage by the raising or

lowering of a public way, or other act done "for the purpose of repairing such way." Rev. Sts. c. 25, § 6, now R. L. c. 51, § 15.

Where the grade of a public way is altered by the grant of a location of a street railway, it is not altered "for the purpose of repairing such way," (Rev. Sts. c. 25, § 6, now R. L. c. 51, § 15,) and for that reason no compensation is due under that act. That was decided in *Underwood* v. *Worcester*, 177 Mass. 173. See also *Vigeant* v. *Marlborough*, 175 Mass. 459. In such a case, however, the grade of the public way is rightly altered under the authority given to grant locations to street railways. That was decided in *Purinton* v. *Somerset*, 174 Mass. 556.

The result is that where the grade of a public way is altered for the purpose of constructing a street railway located thereon, the abutter is without remedy. The statute passed to cover the injustice of *Callender* v. *Marsh*, 1 Pick. 418, does not cover this case, and it remains subject to that decision.

As to what was said in *Hewett* v. *Canton*, 182 Mass. 220, 224, that if the abutter in such a case has a remedy against the street railway it is under St. 1898, c. 578, § 11, now R. L. c. 112, § 44, referring to the clause in effect making a street railway liable (*inter alia*) for loss or injury sustained during construction which results from the carelessness of its servants, if notice is given and an action begun as provided in R. L. c. 51, § 20, that is to say, as provided for actions brought to recover for defects in public ways. That section manifestly was enacted to relieve towns from liability for injuries to travellers in fact caused by the railway, and has no application in cases like that now before us.

These propositions are not seriously questioned, if questioned at all, by the plaintiff. His contention is that under this location the grade of the way here in question was not rightly altered, and for that reason he, as owner of the fee on which the embankment was constructed, can sue in tort for the wrongful construction of it on his land. He argues that under a location which is silent as to the grade the railway must be built at the grade in fact existing or lawfully established.

We are of opinion, however, that this contention is not correct, but that, on the contrary, as a matter of the construction of the location here in question, the grade of the way might be changed within the limits here in question, if that was reasonably neces-

sary as matter of street railway construction; and further, that the plaintiff's concession that "in the building of the embankment and the construction of the road the work was properly done as street railway construction," must be taken to mean that.

The case therefore falls within *Purinton* v. *Somerset,* 174 Mass. 556, and *Callender* v. *Marsh,* 1 Pick. 418; and the entry must be
                                         *Judgment on the verdict.*