EDMUND A. McDONALD *vs.* UNION FREIGHT RAILROAD COMPANY.

Suffolk.    November 16, 1905. — January 3, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Tax,* Excise.    *Union Freight Railroad Company.    Street Railway.*

The provision in the charter of the Union Freight Railroad Company, St. 1872, c. 342, § 1, that that corporation, which since 1874 has used nothing but steam as its motive power, "shall have all the powers and privileges and be subject to all the duties, restrictions and liabilities set forth in all general laws which now are or hereafter may be in force relating to street railway corporations, and to other railroad corporations, so far as the same may be applicable," makes that corporation subject to the excise tax imposed on street railway companies by R. L. c. 14, §§ 44–46.

KNOWLTON, C. J.    The only question in this case is whether the defendant corporation is subject to an excise tax under the R. L. c. 14, §§ 44–46, which impose such a tax upon the earnings of street railway corporations. The defendant is not strictly a street railway company, within the statutory definition found in R. L. c. 111, § 1, for this definition includes only railroads or railways operated by motive power other than steam. The defendant's charter, (St. 1872, c. 342,) while giving it authority to use all kinds of power employed by street railways, provides that "the cars on said road may be drawn during the night by steam power, subject to the regulation of said board of aldermen." Since 1874 the corporation has used nothing but steam as its

motive power, but in nearly all other respects it is like street railways. Section 1 of the charter provides that "said corporation shall have all the powers and privileges and be subject to all the duties, restrictions and liabilities set forth in all general laws which now are or hereafter ·may be in force relating to street railway corporations, and to other railroad corporations, so far as the same may be applicable." In *Boston* v. *Union Freight Railroad,* 181 Mass. 205, the various statutes showing its history and character, and particularly its resemblance to street railways, were considered at length, and it was pointed out that the legislation touching the repair of streets by street railway companies was equally applicable to this corporation. The fact that "other railroad corporations" are not liable to the payment of an excise tax upon earnings is not a sufficient reason for holding that this corporation should not pay such a tax, especially since it has been relieved from the care of streets by the same law that relieves street railways from such care. *Boston* v. *Union Freight Railroad, ubi supra.* The fact that the tax, when paid, is differently applied from the tax on street railway companies is not a sufficient reason for holding that it should not be imposed. See R. L. c. 14, § 61.

As the payment of such a tax is one of the duties and liabilities of street railway companies, and as there is no good reason why the statute requiring it should not be applicable to the defendant, we are of opinion that the tax was properly imposed, under the provision of the charter which we already have quoted.

*Judgment for the plaintiff.*

*T. M. Babson,* for the plaintiff.

*C. F. Choate, Jr., J. L. Hall & R. A. Stewart,* for the defendant, submitted a brief.