MARY REYNOLDS *vs.* BOSTON ELEVATED RAILWAY COMPANY.

LAWRENCE J. REYNOLDS *vs.* SAME.

Suffolk.   March 25, 1924. — May 21, 1924.

Present: RUGG, C.J., BRALEY, DeCOURCY, CROSBY, & WAIT, JJ.

*Street Railway*, Liability for injury caused in relaying track: notice, permit. *Way*, Public. *Negligence*, Street railway. *Notice. Municipal Corporations*, Permit to street railway company to relay track.

By reason of the provisions now embodied in G. L. c. 161, § 89, notice of the time, place and cause of a personal injury, received in July, 1920, by reason of the falling of a rail being handled by workmen of a street railway company in Boston in the repair of its tracks in a highway, is a prerequisite to the maintenance of an action of tort for such injury, whether the action is founded upon negligence of the defendant's servants or agents or upon an allegation that the injury resulted from a nuisance which arose from the fact that a permit of the city of Boston under which the defendant was acting in opening the street was invalid.

TWO ACTIONS OF TORT, the first action being for personal injuries suffered by the plaintiff, a girl five years of age, when a rail, being used by the defendant in the work of relaying tracks in Stoughton Street in that part of Boston called Dorchester, fell on the plaintiff's foot, and the second action being by the father of the plaintiff in the first action for consequential damages.   Writs dated October 4, 1920.

In the Superior Court, the actions were tried together before *O'Connell*, J.   Material evidence is described in the opinion.   By order of the trial judge, verdicts were entered for the defendant.   The plaintiffs alleged exceptions.

*W. B. Keenan*, (*S. L. Solomont* with him,) for the plaintiff.

*J. E. Hannigan*, for the defendant.

WAIT, J.   The plaintiff, Mary Reynolds, was injured while crossing a trench which had been dug in Stoughton Street, Boston, in the work of relaying tracks of the defendant.   A rail which was being handled by workmen of the defendant rolled upon her foot.   The defendant had a permit to open the street in the form usual for such permits under

the ordinances of the city of Boston, c. 28, § 9, and c. 3, § 21, then in force.

No notice of the time, place and cause of the injury, such as is called for by the statutes now embodied in G. L. c. 161, § 89, was given before the suit was brought.

At the trial the judge directed verdicts for the defendant. The bill of exceptions presents for determination the propriety of the orders directing the verdicts, and of certain rulings upon evidence. If notice was requisite, then all other matters are immaterial.

The plaintiffs contend that the actions are purely at common law for negligence or nuisance; that the permit which authorized the opening of the street had been violated and thus made void; that, consequently, the provisions of statute calling for notice are inapplicable, and that no notice was required.

These contentions, which once might have prevailed, see *Brookhouse* v. *Union Railway*, 132 Mass. 178, lost their force with the enactment of St. 1898, c. 578, § 11, applicable to substantially all street railways except this defendant and the companies whose lines are leased or operated by it, and of St. 1916, c. 302, applicable to the defendant, which have changed the law.

*Dobbins* v. *West End Street Railway*, 168 Mass. 556, decided in 1897, established that notice was required where the cause of action arose from a defect in the highway; but left the law, that where, as in *Brookhouse* v. *Union Railway*, *supra*, the cause of action arose from the negligence of the servants of a street railway, then no notice was requisite. That decision turned, in part at least, on the absence of any requirement for notice in Pub. Sts. c. 113, § 32.

The Legislature dealt with the matter in the next year. It enacted that " Every street railway company shall be liable for any loss or injury suffered by any person in the management and use of its tracks and during the construction, alteration, extension, repair or renewal of its railway, or while replacing the surface of any street disturbed as aforesaid, and resulting from the carelessness, neglect or misconduct of its agents or servants engaged in the prosecu-

tion of such work, provided that notice of such loss or injury is given to the company and an action therefor commenced in the manner provided by section nineteen of chapter fifty-two of the Public Statutes and acts in amendment thereof." St. 1898, c. 578, § 11.   This provision for notice was re-enacted in R. L. c. 112, § 44, and St. 1906, c. 463, Part III, § 79.   We do not decide and we express no opinion whether it applied to this defendant and to the lines leased or operated by it, before June 2, 1916; but it became applicable to them by force of St. 1916, c. 302, and was applicable when the accident on which these actions are founded took place, July 15, 1920.   It was continued in force by G. L. c. 161, § 89.   Whether the law has since been changed by St. 1923, c. 358, we express no opinion.

As the law stood in July, 1920, both branches of liability were covered.   Notice was required where an injury arose in connection with the repair or renewal of the railway in streets, roads and bridges.   *Vincent* v. *Norton & Taunton Street Railway*, 180 Mass. 104.   *Joslyn* v. *Milford, Holliston & Framingham Street Railway*, 184 Mass. 65.   *McMahon* v. *Lynn & Boston Railroad*, 191 Mass. 295, 303.   See *Connors* v. *Worcester Consolidated Street Railway*, 228 Mass. 357, 359.

The notice is required although the cause of action is at common law.

The validity or invalidity of the permit at the moment of the accident is immaterial.   The statute does not make the permit a condition of the right to do the work.   When the work is, in fact, being done in a street, road or bridge pursuant to the general authority given by the statute, there the requirement of notice under the statute obtains.

The judge in the Superior Court was right in directing the verdicts; and, without considering the other matters presented by the bill of exceptions, the entry in each case must be,

*Exceptions overruled.*