JOHN MOORE *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   April 3, 1930. — July 1, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & FIELD, JJ.

*Negligence,* Street railway: repair of railway.   *Limitations, Statute of. Notice.*

By reason of St. 1898, c. 578, § 11, reënacted in R. L. c. 112, § 44, and again in St. 1906, c. 463, Part III, § 79, an action of tort against a street railway company for personal injuries received by the plaintiff in 1920 when a motor truck of a third person ran into railroad ties, piled by the defendant on a sidewalk in the course of work of repairing its tracks and protruding into the street, and they fell upon the plaintiff, cannot be maintained if no notice of such injuries was given to the defendant and the action was not commenced within two years after the accident.   Following *Reynolds* v. *Boston Elevated Railway,* 249 Mass. 181.

TORT for personal injuries.   Writ dated December 20, 1922.

In the Superior Court, the action was tried before *Raymond,* J., who ordered a verdict for the defendant.   The plaintiff alleged exceptions.

The case was submitted on briefs.

*J. J. Murphy,* for the plaintiff.

*H. F. Hathaway,* for the defendant.

FIELD, J.   This is an action of tort to recover damages for personal injuries alleged to have been sustained by the plaintiff by reason of a collision of a motor truck with a pile of railway ties, placed by the defendant on a sidewalk in South Boston.   The bill of exceptions states that "The accident happened on September 23, 1920, and the writ is dated December 20, 1922.   No notice of the time, place and cause of the injury was given by the plaintiff to the defendant;

and more than two years elapsed between the date of the accident and the time of bringing suit." The defendant's motion for a directed verdict was allowed "on the grounds that no notice was given and that suit was not commenced within two years after the accident," and the plaintiff excepted.

The plaintiff introduced evidence tending to show the following facts: The defendant was engaged in repairing its tracks on a street in South Boston. It had a permit from the commissioner of public works of the city, issued in accordance with the city ordinances, to "open, occupy and use eighteen hundred feet in length by fifteen feet in width" of the street "for the purpose of repairing tracks." In the course of its work it placed upon the sidewalk several piles of railway ties which "protruded over the curbstone a little." One pile of ties "was arranged with some of the ties at the top of the pile leaning over towards the street." The plaintiff alighted from one of the defendant's cars and crossed the street to the sidewalk. While he was standing between two piles of railway ties he was knocked down, the ties fell upon him and he was injured.

It could have been found that a motor truck, which was being driven along the street, struck the ties piled upon the sidewalk, thereby causing the plaintiff's injury. There was evidence that the body of the truck "extended seven inches out beyond the line of the right front and right rear wheel rims," and other evidence as to the measurements of the truck.

There was no error in directing a verdict for the defendant on the grounds stated by the trial judge. The case is governed by *Reynolds* v. *Boston Elevated Railway*, 249 Mass. 181. The accident there considered occurred on July 15, 1920. There was no change in the law between that date and September 23, 1920, when the accident here under consideration took place. It was held in that case that the provision of St. 1898, c. 578, § 11, reënacted in R. L. c. 112, § 44, and again in St. 1906, c. 463, Part III, § 79, with respect to notice of injury and limitation upon time for commencing action, became applicable to the defendant "by force of

St. 1916, c. 302, and was applicable when the accident . . .
took place." Page 183. The statute which then became
applicable to the defendant provided that a street railway
company should be liable for injuries resulting "from the
carelessness, neglect or misconduct of its agents or servants"
engaged in "the construction, alteration, extension, repair
or renewal of its railway, . . . if notice of such . . . injury
is given to the company and an action therefor is commenced
in the manner provided by section twenty of chapter fifty-
one of the Revised Laws." See St. 1906, c. 463, Part III,
§ 79, as amended by St. 1916, c. 302, § 1. R. L. c. 51, § 20,
required a person injured "within thirty days thereafter"
to give "notice of the time, place and cause of the said
injury" and limited the time for action to two years after
the date of the injury. The plaintiff seeks to recover for
injuries resulting from the "carelessness, neglect or mis-
conduct" of the defendant's agents or servants engaged in
repairing its railway. Since no notice of such injuries was
given and the action was not commenced within two years
after the accident, under the decision of the *Reynolds* case,
the plaintiff cannot recover. We see no adequate reason
why that case should not be followed.

As what we have said disposes of the case it is unneces-
sary to determine whether a verdict for the defendant could
have been directed on other grounds.

*Exceptions overruled.*