JOSEPH BERLANDI *vs.* UNION FREIGHT RAILROAD COMPANY.

STEPHEN MAHONEY *vs.* SAME.

SALVATORE SCHEPICI *vs.* SAME.

Suffolk.   April 5, 1938. — June 30, 1938.

Present: LUMMUS, QUA, DOLAN, & COX, JJ.

*Union Freight Railroad.   Notice.   Negligence,* Street railway: maintenance of tracks.   *Actionable Tort.   Pleading, Civil,* Declaration.

It was an essential element of a cause of action against the Union Freight Railroad Company under St. 1872, c. 342, § 1;  G. L. (Ter. Ed.) c. 161, § 89, for personal injuries caused by one of its rails in a public way being two to four inches above the level of the adjacent street surface, that the notice described in G. L. (Ter. Ed.) c. 84, § 18, be given.

THREE ACTIONS OF TORT.   Writs in the Superior Court dated December 29, 1932.

The actions were tried together before *Beaudreau,* J., where there were verdicts for the plaintiffs in the sums respectively of $250, $450, and $25.

*J. J. Whittlesey,* for the defendant.

*J. J. Curran,* for the plaintiffs.

DOLAN, J.   These are three actions of tort, tried together to a jury, in which the plaintiffs seek to recover compensation for personal injuries sustained on March 26, 1932, in the circumstances which will be narrated hereinafter. The writ in each case is dated December 29, 1932.   At the close of the evidence the judge denied the defendant's motions for directed verdicts in its favor.   The jury returned

verdicts for the plaintiffs, but before the verdicts were recorded the judge, with the assent of the jury, reserved leave to enter verdicts for the defendant. Subsequently, after hearing counsel, the judge entered a verdict for the defendant in each case. Still later, after hearing counsel, the judge entered an order in each case reversing his former order that a verdict be entered for the defendant and ordered that the original verdicts for the plaintiffs stand, and that the cases be reserved for report to this court. The order reserving the cases for report was vacated for failure to file a draft report within the time limited under Rule 75 of the Superior Court (1932). Thereafter, the judge, being of opinion that justice so required, of his own volition and in the exercise of his discretion, reported the cases for determination by this court. This action was within his authority. See G. L. (Ter. Ed.) c. 231, § 111; *Leland* v. *United Commercial Travelers of America*, 233 Mass. 558, 560; *Brown* v. *Grow*, 249 Mass. 495, 499.

On the night when the plaintiffs sustained their injuries, they were proceeding in an automobile on Commercial Street in Boston. The right hand wheels of the automobile were about a foot to the left of the right hand rail of the defendant's track in Commercial Street. The plaintiff Berlandi, who was operating the vehicle, attempted to turn to go to the right side of the street. The right hand front wheel came into contact with the right hand rail of the defendant's track, and, becoming locked with the rail, slid along the rail for a distance of some feet and then suddenly "jumped" over the rail. The automobile went to the curbstone on the right, and over it, and collided with an upright iron post which formed a support for the Boston Elevated Railway structure over the street. The plaintiffs Mahoney and Schepici were passengers in the automobile.

There was evidence that at the place of the accident for a distance of four or five feet the top of the defendant's rail was from two to four inches above the level of the adjacent street surface.

It was not alleged in the plaintiffs' declarations that any notice had been given to the defendant of the time, place,

and cause of the plaintiffs' injuries within thirty days from the date on which they were sustained. See G. L. (Ter. Ed.) c. 161, § 89; c. 84, § 18.

Exceptions were saved by the defendant to the denial of its motions at the close of the evidence for directed verdicts; to the refusal of the judge to rule or instruct the jury that, in the absence of any allegation in the plaintiffs' declarations that the statutory notice provided for under G. L. (Ter. Ed.) c. 161, § 89; c. 84, § 18, was given, the actions could not be maintained; and to the action of the judge in reversing his order for entry of a verdict for the defendant in each case under leave reserved, and in ordering the original verdicts for the plaintiffs to stand.

By consent of all parties the sole issue presented by the report for determination by this court is whether there was reversible error in any action, ruling, order or direction of the judge, or in his refusal to act, rule, order or direct as requested by the defendant, in so far as the same relates to or involves the matter of giving notice by the plaintiffs or any of them to the defendant of the time, place and cause of the injuries complained of as a condition precedent to the right to maintain these actions; and it is agreed that, if reversible error is found, judgment is to be entered for the defendant in each case wherein such error is found; otherwise, judgments are to be entered for the plaintiffs upon the verdicts.

The defendant contends that the plaintiffs cannot maintain their actions in the absence of allegation "or evidence" that notice was given to the defendant under G. L. (Ter. Ed.) c. 161, § 89, and c. 84, § 18.

The defendant railroad corporation was established by St. 1872, c. 342. Section 1 of this act provides, in part: "Said corporation shall have all the powers and privileges and be subject to all the duties, restrictions and liabilities set forth in all general laws which now are or hereafter may be in force relating to street railway corporations, and to other railroad corporations, so far as the same may be applicable."

Section 89 of G. L. (Ter. Ed.) c. 161, relating to street

railways, provides, in part: "Such [street railway] company shall be liable for any loss or injury sustained by any person in the management and use of its tracks and during the construction, alteration, extension, repair or renewal of its railway, or while replacing the surface of any way disturbed as aforesaid, and resulting from the carelessness, neglect or misconduct of its agents or servants who are engaged in the prosecution of such work, if notice of such loss or injury is given to the company and an action therefor is commenced in the manner provided by section eighteen of chapter eighty-four."

Clearly any loss or injury sustained by any person resulting from defective conditions of the tracks of a street railway company during construction or repair work is within the scope of this statute. *Reynolds* v. *Boston Elevated Railway*, 249 Mass. 181. *Moore* v. *Boston Elevated Railway*, 272 Mass. 170. But its scope is not limited to such cases only; it comprehends any loss or injury resulting from any defect in the management, use, or construction of tracks. *Woodall* v. *Boston Elevated Railway*, 192 Mass. 308, 315. *Mahoney* v. *Natick & Cochituate Street Railway*, 173 Mass. 587.

In view of the provision in § 1 of the defendant's charter, of the peculiar resemblance of the defendant to street railway companies in that its tracks are located in city streets, and of the fact that other provisions of the General Laws, relating to street railway companies, conferring benefits and imposing obligations, have been held applicable to the defendant, there is no good reason why the provisions of § 89 of said c. 161 should not also be held applicable to the defendant. *Boston* v. *Union Freight Railroad*, 181 Mass. 205, 207. *McDonald* v. *Union Freight Railroad*, 190 Mass. 123, 124.

The plaintiffs have argued, however, that their actions are at common law and therefore that they were not required to give the statutory notice provided for in § 89. It is true that "At common law, the defendant would be liable to any person injured by such negligence [as in the case at bar]." *Osgood* v. *Lynn & Boston Railroad*, 130

Mass. 492. The statute is in affirmance of the common law and the liability declared is substantially the same as that which the common law imposes upon persons who place obstructions in the public highway whereby injury is done to persons or property. See *Brookhouse* v. *Union Railway*, 132 Mass. 178, 180. It was enacted to relieve cities and towns from liability for injuries to travellers in fact caused by railways if notice is given and an action begun as provided in G. L. (Ter. Ed.) c. 84, § 18. *Laroe* v. *Northampton Street Railway*, 189 Mass. 254, 256. Even although by its terms the common law liability was affirmed, the conditions imposed in enforcing that liability must be observed, and the plaintiffs were bound to proceed under its terms. See *Williams* v. *Hingham & Quincy Bridge & Turnpike Corp.* 4 Pick. 341, 347. The notice required is not a mere step in enforcing the plaintiffs' actions, "but is a condition precedent to . . . [their] existence, or in other words is one of . . . [their] essential elements." *Baird* v. *Baptist Society*, 208 Mass. 29, 31. The notice must not only be given, but that it was given must be pleaded. See *Klein* v. *Boston Elevated Railway*, 293 Mass. 238, 241; *Reynolds* v. *Boston Elevated Railway*, 249 Mass. 181, 183; *Moore* v. *Boston Elevated Railway*, 272 Mass. 170, 171, 172.

The act complained of in the cases at bar is within the scope of the statute under which notice is required, and the cases are thus distinguishable from those where the actions were at common law and were not predicated upon the failure of performance of the duty, liability for which was imposed by statutes containing requirements of notice. *Seltzer* v. *Amesbury & Salisbury Gas Co.* 188 Mass. 242, 244. *Miller* v. *Edison Electric Illuminating Co. of Boston*, 283 Mass. 517, 522. *Sloper* v. *Quincy*, *ante*, 20.

Since there was no evidence that the required notice was given to the defendant, the plaintiffs are not entitled to recover. In accordance with the stipulation of the parties as stated in the report, judgment is to be entered for the defendant in each case.

*So ordered.*