ETTA J. MAHONEY *vs.* NATICK AND COCHITUATE STREET RAILWAY COMPANY.

Middlesex. March 15, 1899. — June 30, 1899.

Present: HOLMES, MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Personal Injuries — Street Railway — Statute — Evidence — Notice of Injury — Instructions — Exceptions.*

The provision of Pub. Sts. c. 113, § 32, that every street railway company shall keep in repair, to the satisfaction of certain officials, including road commissioners of towns, the surface material of the portions of streets and roads occupied by its tracks, does not mean that the approval of the road commissioner of a town is a condition precedent to the running of the railway, but merely that, if he directs repairs, they must be made.

In an action against a street railway corporation for personal injuries alleged to have been caused by the defendant's failure to keep in repair the surface material of the portions of a street occupied by its tracks, and by negligence in the

construction of its tracks, an assistant road commissioner of the town in which the accident happened, who had charge of the roads in that part of the town and saw the track as it was laid there by the defendant, may testify that it was done to his satisfaction.

In an action against a street railway corporation for personal injuries alleged to have been caused by the defendant's failure to keep in repair the surface material of the portions of a street occupied by its tracks, and by negligence in the construction of its tracks, the jury are properly instructed to consider whether the accident was caused by a defective construction or by a want of repair, and that, if it was caused by a want of repair, the provision of Pub. Sts. c. 52, § 19, and acts in amendment thereof, as to the giving of notice of the time, place, and cause of the injury, applied.

If a party to an action desires more specific rulings than those contained in the charge to the jury, he should ask for them, and is not entitled to rely upon a general exception, taken at the end of the charge, to all the rulings.

TORT, for personal injuries occasioned to the plaintiff in Wayland by the alleged failure of the defendant " to keep in repair the surface material of the portions of the street occupied by its tracks, and because of the carelessness, negligence, and misconduct of its agents and servants in the construction, management, and use of its tracks." At the trial in the Superior Court, before *Hardy,* J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions, which appear in the opinion.

*W. B. Sprout,* for the plaintiff.

*P. H. Cooney,* for the defendant.

LATHROP, J. This action is brought under the Pub. Sts. c. 113, § 32, which provides: " Every street railway company shall keep in repair, to the satisfaction of the superintendent of streets, street commissioner, road commissioners, or surveyors of highways, the paving, upper planking, or other surface material of the portions of streets, roads, and bridges occupied by its tracks, . . . and shall be liable for any loss or injury that any person may sustain by reason of the carelessness, neglect, or misconduct of its agents and servants in the construction, management, and use of its tracks."

While the plaintiff was in a grocery wagon with her father and younger sister, an attempt was made to cross the tracks of the defendant road for the purpose of entering a private driveway which led to a barn where the horse and wagon were kept. Instead of going over, one of the forward wheels struck the track, and slid along it to the right as they were going. The

wagon tipped partly over, and the plaintiff was thrown out and injured. The evidence was contradictory on the questions whether the road was properly constructed, and whether it was kept in repair. There was also evidence that the plaintiff was in the exercise of due care, and that the track was greased at this point, which was denied by the defendant. No notice of the time, place, and cause of the injury was given to the defendant, under the Pub. Sts. c. 52, § 19, and acts in amendment thereof. The jury returned a verdict for the defendant; and the case is before us on the plaintiff's exceptions.

The first question is as to the admission in evidence of certain testimony of one Damon, who was the assistant road commissioner of Wayland, in which town the accident happened, and who had charge of the roads in that part of the town. He testified that he had charge of the roads there, and saw the track as it was laid there by the defendant; and was further allowed to testify, against the objection of the plaintiff, that it was done to his satisfaction. At the argument the attention of counsel was called to the fact that the record did not show that any exception was taken, whereupon the counsel for the defendant said that he thought the plaintiff intended to except to the admission of the evidence, and the plaintiff's counsel said that he took an exception, to which the defendant's counsel made no reply. Understanding by this that the parties consented to treat the case as if an exception had formally been taken, we proceed to consider the question raised.

Speaking of the evidence of Damon, the judge in his charge to the jury said: " That witness testified as to what his duties were, what charge he had of the streets in that part of the town. Now, his approval is not necessarily conclusive upon that. If it should appear to the jury that this roadway had been constructed in a manner which was not necessary and proper for the reasonable use of its franchise, under its location and charter, you would be at liberty to find that that condition was a defect, even though you should find on the evidence that the superintendent of the streets or roads had expressed his satisfaction with that condition. It is for you to say how far this roadway was constructed in a proper condition."

This portion of the charge was in accordance with the rule, as

stated in *Osgood* v. *Lynn & Boston Railroad*, 130 Mass. 492. We do not think that the statute means that the approval of the road commissioner is a condition precedent to the running of the road, but merely that, if he directs repairs, they must be made.    The objection to the testimony was made before the presiding justice had ruled that the approval of the road commissioner would not be conclusive, and was merely upon the ground, urged at the argument in this court, that, as the statute does not mention assistant road commissioners, the satisfaction of the witness, who was only an assistant road commissioner, was immaterial, because he was only an assistant, assistants not being mentioned in the statute cited.    But it is of course impossible for a road commissioner or superintendent of streets personally to attend to the repair of all the streets, roads, and bridges.    In a large town he must of necessity have assistants.    The fact that his assistant had charge of this locality, saw the work, and was satisfied, had a tendency to show that the work was done to the satisfaction of his principal or chief, and to negative the theory that the actual state of things was due to any want of compliance with the directions of the commissioner.

The remaining question is as to a request for a ruling, made by the defendant, and to certain instructions given by the judge. The request was: " If the jury find that the railroad was originally constructed properly, that the plaintiff cannot recover, because there is no evidence of any notice within thirty days.    If it was properly constructed and this was worn down afterwards, it would be simply want of repair, for which the plaintiff is not entitled to recover without sufficient notice having been given." Without going over the instructions in detail, we are of opinion that the plaintiff has no ground of exception.    The jury were instructed to consider whether the accident was caused by a defective construction, or by a want of repair; and that if it was by a want of repair, the statute as to notice applied.    That notice must be given in order to entitle the plaintiff to recover, where the injury is caused by a neglect of the defendant to repair what it is obliged by statute to keep in repair, was decided in *Dobbins* v. *West End Street Railway*, 168 Mass. 556.

We see no ground of exception to the instructions regarding the words " carelessness," " negligence," and " misconduct."

The exception was a general one, taken at the end of the charge, to all the rulings. If the plaintiff desired more specific rulings, she should have asked for them. We see nothing in the instructions given that is fairly open to criticism.

*Exceptions overruled.*