REED S. WILLIAMS, administrator, *vs.* CITIZENS' ELECTRIC STREET RAILWAY COMPANY.

Essex.   November 5, 1903. — November 25, 1903.

Present: KNOWLTON, C. J., MORTON, BARKER, LORING, & BRALEY, JJ.

*Practice, Civil*, Exceptions. *Negligence*, On street railway. *Evidence*, Remoteness.

In an action against a street railway company, in which the plaintiff contends that his intestate had his finger injured owing to an improper device for opening and shutting the door of the vestibule of an electric car, after a verdict has been ordered for the defendant and the plaintiff has alleged exceptions, it cannot be assumed in favor of the plaintiff that an inspection of the car by the jury added anything to the evidence stated in his bill of exceptions.

In an action against a street railway company for injuries resulting in the death of the plaintiff's intestate who fell from the rear vestibule platform of an electric car of the defendant, the plaintiff contended that, owing to the improper construction of the door of the vestibule, the intestate in opening the door pinched a finger of his left hand which had previously been injured and that the pain in his finger caused him to faint and fall from the car. The testimony of the only witness who saw him open the door tended to show that he used his right hand in sliding it open, and there was no evidence that his left hand came in contact with it. There was nothing to show that he fainted or, if he did, what was the cause of his fainting. *Held*, that a verdict rightly was ordered for the defendant, the plaintiff's case being founded wholly on conjecture.

In an action against a street railway company, in which the plaintiff contended that his intestate had his finger pinched in the sliding door of the vestibule of an electric car of the defendant, owing to improper appliances for opening and shutting the door, the presiding judge excluded a question by the plaintiff as to whether a witness observed any difficulty in starting the door open from the outside in this car or one like it. *Held*, that the evidence was excluded rightly, as on the evidence in the case there was nothing to show that the injury to the intestate's finger was caused by any difficulty in starting the door open, and also because the door of another car like this might stick and open with difficulty and the door of this car move freely.

TORT for injuries to the plaintiff's intestate, a passenger on an electric car of the defendant, resulting in his death after conscious suffering.    Writ dated October 29, 1901.

In the Superior Court *Lawton*, J. ruled that the plaintiff was not entitled to recover, and ordered a verdict for the defendant. The plaintiff alleged exceptions.

*A. P. White*, for the plaintiff.

*W. H. Hitchcock*, for the defendant.

KNOWLTON, C. J.    On the morning of November 4, 1900, about half an hour after midnight, the plaintiff's intestate, while riding on the rear platform of one of the defendant's cars, fell off and was killed.    The theory of the plaintiff is that the patented device for opening and shutting the sliding door of the vestibule of the car was improper and unsafe, because in opening the door from the outside one must insert his fingers into a metallic slot sunk into the wood of the side of the door, near the main part of the car with which the door came in contact when it was closed, and that when the door was opened it slid in such a way that the outer edges of the metallic slot, being sharp and rectangular, came in close proximity with the inner corner of the door post towards which the door slid, the door sliding from the main part of the car into the grooved end of the vestibule; that the plaintiff, who had previously injured the third finger of his left hand, so that it was then sensitive and tender, injured his finger again by reason of the improper device, while opening the door, and that sometime afterwards, while riding in the vestibule, he fainted because of the condition of his finger, and fell off.

It is a grave question whether the bill of exceptions shows any evidence which would warrant the jury in finding the device for opening and shutting the door to be improper, so that the use of it by the defendant would constitute negligence.    We cannot assume in favor of the excepting party that the inspection of the car by the jury added anything to the evidence stated in the bill of exceptions.

But if it were found that the metallic slot exposed those who opened the door to the risk of getting their fingers bruised against the corner of the door post when the door was slid back as far as possible, there is no proof in this case that the plaintiff's intes-

tate hurt his finger in this way. We have testimony of his declaration that he jammed his finger in the door, but he said nothing as to how he happened to jam it. The testimony of the only witness who saw him open the door tends to show that he used his right hand in sliding the door open, and there is no testimony that the fingers of his left hand came in contact with the sunken metallic slot complained of. There is nothing better than conjecture on which to rest this part of the plaintiff's case.

Proof is also wanting to support the contention that the injury to the finger was the cause of his falling from the car. There is a possibility that pain in his finger caused him to faint, but there is no evidence that tends to show that he fell from this cause to the exclusion of other causes. He might have fallen from weariness, or sleepiness, or from some effect of six or eight glasses of ale which the testimony shows that he had drunk that evening, or from apoplexy, or from his own carelessness. There is nothing to show that he fainted, and if he did faint, it is not shown that the faintness was caused by an injury to his finger. The jury would not have been warranted in finding that his fall was caused by the injury to his finger; possibly it was, but other theories and conjectures are quite as probable.

It is not contended that there was evidence of any other negligence on the part of the defendant, and in the view we have taken there is no occasion to consider whether the jury might have found that the plaintiff was in the exercise of due care.

The question as to whether a witness observed any difficulty in starting the door open from the outside in this car or one like it, was incompetent. There is nothing to show that the injury to the intestate's finger on his left hand was caused by any difficulty in starting the door open ; moreover, the door of another car like this might stick and open with difficulty, when the door of this car might move freely.

*Exceptions overruled.*