JOHN MCMAHON *vs.* LYNN AND BOSTON RAILROAD
COMPANY.

Suffolk.    November 17, 1905. — April 2, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Practice, Civil*, New trial, View, Statements of counsel.    *Evidence*, Admissions.
*Negligence.    Street Railway.*

A verdict will not be set aside because in taking a view the attention of the jury was drawn to a matter not within the scope of the view as ordered by the judge, if this was not brought to the attention of the judge at the trial so as to give

him an opportunity to prevent the jury from drawing inferences from the matters not proper for their consideration.

Statements made by counsel in opening to the jury although not evidence for the party making them may have the force of admissions.

In an action against a street railway company for injuries caused by the upsetting of the plaintiff's sleigh while he was driving over a ridge of snow between double tracks of the defendant, the jury on motion of the defendant took a view of a snow plow, and the defendant's counsel before the view told them in court that the plow they were about to see was the same which the defendant had used at the place of the accident or exactly like it, and at the view invited their attention to the shears underneath the plow and to the wings on its sides. The defendant's counsel stated in his opening that he should offer evidence to show that by the operation of the plow it would be impossible for the snow to be heaped up between the tracks. Instead of doing this, the defendant rested its case on the plaintiff's evidence, and the jury returned a verdict for the plaintiff. The counsel for both parties referred to the view in their arguments to the jury. Afterwards the defendant objected to the insertion by order of the judge of the foregoing matters in its bill of exceptions. *Held,* that the statements of the defendant's counsel and a narrative of what he pointed out to the jury at the view were inserted properly in the bill of exceptions as an essential part of the evidence, being an admission that the defendant had used at the place of the accident the snow plow which its counsel showed to the jury.

In an action against a street railway company for injuries caused by the upsetting of the plaintiff's sleigh while he was driving over a ridge of snow between double tracks of the defendant, it appeared that the street where the accident happened was the natural way for the plaintiff to take, that the snow was piled high between the outer rails of each of the defendant's tracks and each sidewalk, so that practically it was necessary to drive over the railway tracks, that there was a ridge of hard snow between the two tracks about ten or twelve inches high in the middle and sloping down to two or three inches in height next to the tracks, that the plaintiff was driving on the right hand track and crossed to the left hand track to let a car which came up from behind pass him, that then he turned to the right again and in crossing the runners slipped on the ridge between the tracks, overturning the sleigh and causing the injuries. *Held,* that there was evidence that the plaintiff was in the exercise of due care.

Where an action for personal injuries against a street railway company for an injury caused by a ridge of snow between double tracks of the defendant is tried with another action by the same plaintiff against the town in which the accident occurred for the same injury on the ground of a defect in the highway, and evidence of a certain conversation is admitted simply for the purpose of showing notice in the action against the town, but the railway company does not call the attention of the presiding judge to the matter and ask him to instruct the jury not to consider the evidence against that defendant, if in the action against the railway company the jury return a verdict for the plaintiff a new trial will not be granted because of the admission of the evidence.

In an action against a street railway company for injuries caused by the upsetting of the plaintiff's sleigh while he was driving over a ridge of snow between the double tracks of the defendant in a street of a town in 1895 while Pub. Sts. c. 113, § 32, still was in force requiring every street railway company to keep in repair the paving, upper planking or other surface material of the portions of streets used for its tracks and before the passage of St. 1896, c. 540, taking away

the liability of cities and towns for injuries caused by snow or ice, it appeared that the action was brought more than two years after the accident and that no notice of the time, place and cause of the injury was given to the defendant in accordance with St. 1894, c. 422. There was evidence that the cause of the accident was the defendant's negligence in so operating its snow plow as to pile up an artificial ridge of snow between the tracks. *Held,* that the jury might find that the accident was due to the carelessness or misconduct of the agents and servants of the defendant in the management and use of its tracks, for which at that time the defendant was liable without the notice afterwards required by St. 1898, c. 578, § 11, now R. L. c. 112, § 44.

SHELDON, J. This is an action for personal injuries to the plaintiff which he alleges were caused by the negligence of the defendant. His alleged ground of action is that the defendant negligently piled up and maintained a ridge of snow in the space between its tracks on Beach Street in the town of Revere, and that while the plaintiff was driving along that street on the tenth day of February, 1895, and turning, as he had proper occasion to do, from one track to the other, his sleigh slid down the ridge and was overturned, and he was injured. There was evidence at the trial in the Superior Court that the snow was piled high between the outer rails of each one of the defendant's tracks and each sidewalk, so that it practically was necessary to drive over the railway tracks ; that there was a ridge of hard snow between the two lines of tracks, about ten or twelve inches high in the middle and sloping down to two or three inches in height next to the tracks ; that the plaintiff was driving on the north or right hand track, and crossed over to the south track to let a car which came up from behind pass him ; that then he turned to the north side again, and in crossing his runners slipped on the ridge between the tracks, overturning the sleigh and throwing him out.

At the request of the defendant the jury were taken to view the place of the accident and a snow plow which the defendant's counsel said he would point out to them. In an opening statement to the jury, evidently made before that view, the defendant's counsel said to them that they would see a certain snow plow which was either the same one used by this defendant on Beach Street at the time of the accident or one of three plows then used by it, all alike ; and he asked the jurors to pay particular attention to the shears underneath the plow and the length of the wings on the sides, and said that it would appear that it

would be impossible for the snow to be heaped up between the tracks by the operation of the snow plow. Such a snow plow was shown by the defendant to the jury, and was seen by them, and its different parts were pointed out to them. The judge had not directed the jury to view anything else; but against the objection of the defendant the plaintiff's counsel called the attention of the jury to the small wings, being two small scrapers, on a passenger car of the defendant which then was in the car barn. These scrapers he argued were used to remove snow from the tracks themselves. There was no evidence showing to what cars these scrapers were attached, or how long they had been used. Both the counsel for the plaintiff and the counsel for the defendant referred to the view in their arguments.

The trial of this case was begun with that of another case against the town of Revere, for the same accident. At the end of the plaintiff's case this defendant rested, and a verdict was ordered by consent for the defendant in the case against the town of Revere. In the case against the railway company the jury returned a verdict for the plaintiff, and the case is here on the defendant's exceptions.

The view was manifestly somewhat irregularly conducted. It is probable that the judge would have prevented the jury from drawing any inferences against the defendant by reason of the scrapers to which their attention had been drawn, and would have ruled that their presence on the car could not be considered by the jury, if the defendant had called his attention to the matter; but this does not appear to have been done, and the irregularity cannot now be made a ground for setting aside the verdict. But we think that what was said by the defendant's counsel in his opening statement to the jury before the view properly might be regarded as an admission by him that the defendant had used the snow plow which he showed to them, in removing snow from these tracks, although the admission was coupled with the contention that its use could not have heaped up a ridge of snow between the tracks. The defendant contends that this opening statement was made by the counsel for the defendant in the other case; but it was stated at the argument in this court that both defendants were represented by the same counsel, and it does not appear that the distinction

now contended for was then insisted upon, or that it was so understood either by the judge or the plaintiff's counsel. And while it is true that statements made by the defendant's counsel in opening are not to be received as evidence, this principle does not prevent them from having binding force as admissions. *Commonwealth* v. *Desmond*, 5 Gray, 80. *Lewis* v. *Sumner*, 13 Met. 269. And for a similar reason we think that the jury had a right to consider against the defendant the parts of the snow plow which were pointed out to them by the defendant's counsel at the view.

It has been said that the judge presiding at a trial properly may rule upon the effect of the evidence and order a verdict although the jury have taken a view, if it does not appear that the jury could have acquired from the view the knowledge of any material facts which were not put in evidence in court. *Tully* v. *Fitchburg Railroad*, 134 Mass. 499. *Rigg* v. *Boston, Revere Beach & Lynn Railroad*, 158 Mass. 309. *Williams* v. *Citizens' Electric Street Railway*, 184 Mass. 437. It is true that usually, except in cases in which the jury are to pass upon the money value of what they see, "a view is allowed for the purpose of enabling the jury better to understand and apply the evidence which is given in court; but it is not necessarily limited to this; and in most cases of a view, a jury must of necessity acquire a certain amount of information, which they may properly treat as evidence in the case." Colburn, J. in *Tully* v. *Fitchburg Railroad, ubi supra.* And in *Hanks* v. *Boston & Albany Railroad*, 147 Mass. 495, 499, a case somewhat similar to this, Devens, J. said that it must be observed that the jury might have been "materially aided by a view taken by them of the locality." And in *Smith* v. *Morse*, 148 Mass. 407, 410, Holmes, J. says that what the jury see at a view "is evidence in the case." The defendant's counsel had told the jury before the view that this plow was either the same plow which this defendant had used at the place and time of the accident or was exactly like that plow; he had invited their attention to the shears underneath the plow and to the wings on the sides; and then he pointed out those parts to them on the view. We do not see how the fact that the defendant afterwards chose to rest its case upon the plaintiff's evidence, and did not put in the evidence which it had stated it would offer to show

that by the operation of the plow it would be impossible for the snow to be heaped up between the tracks, could prevent the jury from considering not only what they thus had been told by the counsel for the defendant, but what he had pointed out to them. And it follows that that part of the exceptions which was inserted in the bill against the objection of the defendant * was inserted rightly.    The bill purports to contain all the evidence; and it would not have contained all the evidence if this had been omitted.    Moreover the fact stated in the exceptions, that both the plaintiff's and the defendant's counsel referred to the view in their arguments, would indicate that both parties then were of the same opinion as to this matter which we now have stated, and that this position was acquiesced in by the judge.    At any rate, this defendant then made no different contention.

We think that the question of the plaintiff's due care at the time of the accident was for the jury.    *Welsh* v. *Amesbury*, 170 Mass. 437, 440.    *Mahoney* v. *Metropolitan Railroad*, 104 Mass. 73.    The jury well might have found that Beach Street was the natural and proper way for the plaintiff to take.    There was evidence that he could drive only on the space occupied by the defendant's tracks, and that his turning out upon the south or left hand track was for the proper purpose of allowing a street car to pass him; and it cannot be said as matter of law that he was negligent in attempting to turn back so as to be upon the right hand side of that part of the street which was then practicable for travel.    We think that this question properly was submitted to the jury with full and accurate instructions, and that the defendant's first and tenth requests † for rulings were refused rightly.    *McGuinness* v. *Worcester*, 160 Mass. 272.

---

* The defendant objected to the insertion in the bill of exceptions of the narrative of what took place at the view and the statement of what was said by the counsel for the defendant in his opening to the jury.    The judge ordered that these matters be inserted, subject to the defendant's exception.

† The rulings requested were as follows:

" 1.    There is no evidence of due care on the part of the plaintiff."

" 10.    If the condition of Beach Street, as to snow and ice, was the same for a long distance before the plaintiff reached the place of the accident and the plaintiff, knowing and appreciating the fact that the street was dangerous, continued along Beach Street when he might have taken another street which was not dangerous, he cannot recover in this action."

The testimony of Skeffington and McMahon as to the conversation between Skeffington and Pratt was offered simply for the purpose of showing notice to the town, the defendant in the other case. It does not appear to have been admitted in this case. Undoubtedly the judge would have instructed the jury not to consider the testimony against this defendant, if it had called his attention to the matter. It did not do so; and the verdict cannot now be set aside because of this testimony.

There was no evidence that the plaintiff had given any notice to the defendant of the time, place and cause of his injury; and this action was not brought until December 18, 1899, much more than two years after the date of the injury. Accordingly, if this action was for a defect in the street, or for a failure of the defendant to keep the highway in repair, a verdict should have been ordered for the defendant. *Mahoney* v. *Natick & Cochituate Street Railway*, 173 Mass. 587. *Dobbins* v. *West End Street Railway*, 168 Mass. 556. At the time of this accident, it was provided by statute that "Every street railway company shall keep in repair, to the satisfaction of the superintendent of streets, . . . the paving, upper planking, or other surface material of the portions of streets . . . occupied by its tracks, . . . and shall be liable for any loss or injury that any person may sustain by reason of the carelessness, neglect or misconduct of its agents and servants in the construction, management and use of its tracks." Pub. Sts. c. 113, § 32. And at the time of this accident the mere presence or accumulation of snow in a public way might have constituted an actionable defect in such way, although the liability of a city or town for injury or damage caused by such a defect afterwards was taken away, if the place at which the injury or damage was received or suffered was at the time of the accident otherwise reasonably safe and convenient for travellers. St. 1896, c. 540, now embodied in R. L. c. 51, § 19. The defendant contends that this action is really for a defect in the surface of the street, and so cannot be maintained without previous notice and unless brought within two years after the time of the accident, in accordance with the provisions of St. 1894, c. 422, amending Pub. Sts. c. 52, § 19, now R. L. c. 51, § 20.

But the plaintiff contends that this action is not brought for a defect in the way at all; that the negligence complained of is not

the defendant's failure to remove the snow from the space be-
tween the tracks, but its negligence in so operating its snow plow
as to pile up a ridge of snow between the tracks, which consti-
tuted an obstruction in the way, due not to natural causes such as
the mere fall of the snow, but to the defendant's own act in piling
up the snow into an artificial ridge.   This was the question on
which the case was submitted to the jury in the charge of the
judge who presided at the trial.   And we are of opinion that this
action was correct; for there was evidence on which the jury
could find that the defendant had in this way created an artificial
obstruction in the street, which caused the accident in question.
See *Brookhouse* v. *Union Railway*, 132 Mass. 178, 181; *Osgood*
v. *Lynn & Boston Railroad*, 130 Mass. 492.   Of course, it would
not be material whether the defendant had or had not created
such obstructions between the outside rails of its tracks and the
sidewalks; for the only obstruction which could be found to have
caused this accident was that between the tracks, upon which the
plaintiff's runners slipped.   But under the instructions given,
the case properly was left to the jury.

Nor is it of any consequence, if the defendant did create such
an obstruction between its tracks, whether this was done merely
by removing a part of the snow which had fallen there, in such a
manner as to leave a ridge between the tracks, or whether snow
removed from between the tracks themselves had been heaped up
and thrown into sloping piles between the tracks.   In either
event the result of the defendant's action had been to create an
artificial obstruction to travel.   It was an obstruction created
by the defendant in the operation of its road, by the method
adopted of clearing the snow from its tracks in order to facil-
itate the running of its cars thereon, and might be found by the
jury to be due to the carelessness or misconduct of its agents or
servants in the management and use of its tracks.   Nor do we
think that the court properly could have ruled that the defend-
ant would be liable for such an obstruction only upon proof that
it constituted an actual defect or want of repair in the street,
and only upon an action brought within two years and a notice
given within ten days after the date of the injury, under St.
1894, c. 422.

The provisions of the statute in force at this time already have

been stated.   Pub. Sts. c. 113, § 32.   Under this statute, it was only " the paving, upper planking or other surface material " of this portion of the street that the defendant was bound to keep in repair.   *Hyde* v. *Boston*, 186 Mass. 115.   *Leary* v. *Boston Elevated Railway*, 180 Mass. 203.   And it was entitled to notice only for an injury caused by a breach of this duty.   *Dobbins* v. *West End Street Railway*, 168 Mass. 556.   *Mahoney* v. *Natick & Cochituate Street Railway*, 173 Mass. 587.   No notice was necessary in order to maintain an action for an injury caused by the carelessness, neglect or misconduct of its servants or agents in the construction, management or use of its tracks.   In this respect that statute differed from the one subsequently enacted and now in force.   St. 1898, c. 578, § 11.   R. L. c. 112, § 44. If our conclusions were incorrect, if the proper removal of ice and snow from the tracks of a street railway were a part of the duty to keep the surface material of the street in repair, the provision made in another section of the same statute for such removal under the direction of the aldermen or selectmen would be superfluous.   Pub. Sts. c. 113, § 27.

The defendant's twelfth request * was given in substance.

Accordingly the other rulings requested by the defendant could not properly have been given ; and the defendant has no ground of objection to the instructions which were given.

*Exceptions overruled.*

*B. B. Dewing,* (*S. R. Cutler* with him,) for the defendant.
*S. J. Elder,* for the plaintiff.

---

* The ruling requested was as follows :

" 12.  There is no evidence from which the jury can find that the defendant's tracks have been constructed and maintained in a manner which was not necessary and proper for the reasonable use of its franchise under its location and charter."