## KATIE CARTER *v.* STATE.

[56 South. 454.]

1. CRIMINAL LAW. *Continuance. Absent witness. Adjournment to home of witness.*

Where a defendant charged with unlawful retailing made application for a continuance on account of the absence of a material witness who was very ill at his home in the town where the court was being held, and the court overruled the application but over the protest of defendant adjourned the whole court, parties, sheriff, clerks, etc., to the home of the sick witness and there tendered the sick witness to defendant for examination and defendant declined to examine the witness on the ground that the courthouse was the proper place to try the case. *Held*, that the continuance should have been granted and the action of the court in refusing the same was reversible error.

2. SAME.

In such case if the defendant had consented to the proposition to go with the court and jury to the house of the witness and had there taken the testimony of the witness, the defendant could not have objected to the irregularity.

APPEAL from the circuit court of Lincoln county.

HON. D. M. MILLER, Judge.

Kate Carter was convicted of unlawful retailing and appeals.

The facts are fully stated in the opinion of the court.

*Clem V. Ratcliff,* for appellant.

We submit that it was highly improper to take the court and prisoner, after she had rested her case, or any other time, out of the courthouse and go over town or the county with them to the homes of sick witnesses. We cite on this section 1195 of Dr. Bishop's New Criminal Procedure, vol. 1. In this section it is said by way of explanation, "For it cannot adjourn to his house," meaning the court. If the court can remove, in a criminal case, anywhere in town, it can remove to any place in the county, or the state. We don't think this can be done, when the courthouse is in good condition, etc., and no place has been provided by the board of supervisors. This action of the court was a "plea of guilty" to the validity of the application for a continuance.

On the application for a continuance, we cite the following well-known cases: *Anderson* v. *State,* 50 So. Rep. 554; *Woodward* v. *State,* 42 So. Rep. 167; *Montgomery* v. *State,* 85 Miss. 330; *Watson* v. *State,* 81 Miss. 700; *Caldwell* v. *State,* 85 Miss. 383; *Scott* v. *State,* 80 Miss. 53, and *Voll* v. *State,* 96 Miss. 651. The indictment was just returned at the same term when it was forced to trial. We submit that for the errors indicated and insisted upon the judgment should be reversed and remanded for a new trial.

*Jas. R. McDowell,* assistant attorney-general, for appellee.

Counsel contends that the case should be reversed because the court went in a body to the home of witness Jim Strickland for the purpose of taking his testimony

and that such removal was without warrant of law. No harm could have resulted for the reason that after the court adjourned to the home of Jim Strickland, defendant declined to use him as a witness and no testimony was taken.

The record shows that the defendant had a fair trial with every opportunity to offer whatever proof she wanted. The truth is she had no defense and this fight for a continuance is characteristic of the tigresses who infest the larger towns.

I find no fault with decisions which hold that a defendant is entitled to a fair and impartial trial and to have his witnesses present if possible to procure them, and I think whenever the facts justify it, a continuance should be granted; but it is patent in the instant case that this was a play for delay. The record makes out a clear case of guilt, so that unless some injustice was done the defendant, the conviction should stand.

WHITFIELD, C.

Appellant made application for a continuance in due form of law on account of the absence of Jim Strickland, a material witness, who was very ill at his home in the town where the court was held. The court overruled the application, and then, over the earnest protest of the defendant, adjourned the whole court, parties, sheriff, clerk, district attorney, etc., to the home of the witness Jim Strickland, and there tendered the witness to counsel for appellant for examination. To all this the counsel for appellant earnestly objected, and declined to examine the witness, stating that the courthouse was the place provided by law for the trial of cases.

Bishop, in his New Criminal Procedure (volume 1, section 1195) announces that this cannot be done, citing *Adams* v. *State,* 19 Tex. App. 1. That case we have carefully examined. It is identical in its facts with the case at bar, and on the point involved the court said: "We

know of no authority which would compel the defendant to go with the court and jury from the courthouse to where the absent witness was at the time, that her testimony might be taken. Under the law the trial must be had at the courthouse at the county site of the county. It was there, and there only, that the case must be heard and determined. If the defendant could be required to go one-half a mile with the court and jury in order to have the benefit of the testimony of an absent witness, he could be required to go one, two, or five miles. We cannot sanction such a practice. All the proceedings in the trial should be conducted at the courthouse, the place designated by law for the trial of causes. If the defendant had consented to the proposition to go with the court and jury to the place where the witness was, and there take her testimony, and if her testimony had in this manner been taken, we do not think the defendant could have objected to the irregularity. But that is not the question before us. In this case the defendant's application for a continuance was refused; one of the grounds of the refusal being that he declined to accept the proposition of the court to go with the jury to the place where the witness was confined by sickness, and there take her testimony. Such a proposition was, we think, no answer to his application for a continuance, and should not be considered in determining his right to a continuance.''

PER CURIAM. The above opinion is adopted as the opinion of the court, and for the reasons therein indicated the judgment is reversed, and the cause remanded.

*Reversed and remanded.*