COMMONWEALTH *vs.* JAMES H. HANDREN.

Middlesex.    October 17, 1927. — November 22, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Practice, Criminal,* Place of trial.  *Superior Court.    Venue.*

A judge of the Superior Court, after the defendant in an indictment returned by the grand jury for the county of Middlesex had been arraigned and had pleaded not guilty, and after a jury had been empanelled in Cambridge to try the charges, has no authority, merely by reason of the fact that material witnesses, residing, respectively, in Brookline in the county of Norfolk and in Watertown in the county of Middlesex, are physically unable to attend court, to adjourn the court to Brookline and to Watertown, respectively, for the further trial of the indictment; and if, by his order, against objections by the defendant, the judge, the jury, the clerk, and the deputy sheriffs convened at Brookline and then at Watertown, at each of which places witnesses testified before the jury, such sittings must be *held* to be null and void, and a verdict of guilty following them must be set aside.

INDICTMENT, found and returned by the grand jury for the county of Middlesex on April 6, 1927, charging the defendant in four counts with larceny.

In the Superior Court, the indictment was tried before *Dillon,* J., who ordered that the proceedings be under §§ 33A–33G, added to G. L. c. 278 by St. 1925, c. 279, and amended by St. 1926, c. 329.    Proceedings at the trial are described in the opinion.    The defendant on April 26, 1927, was found guilty on two counts of the indictment and was sentenced on April 29 and claimed an appeal on the same day.    On

June 23, 1927, a copy of the transcript of the evidence was delivered to the clerk of courts, and on July 5, 1927, the defendant filed an assignment of errors.

*T. F. Callahan & E. J. Harrigan,* for the defendant, submitted a brief.

*R. T. Bushnell,* District Attorney, for the Commonwealth.

PIERCE, J.    The defendant was indicted by the grand jury for the county of Middlesex on the first Monday of April, 1927, for the larceny of certain personal property, at Cambridge, within that county.    On April 8, 1927, the defendant was arraigned, had the indictment read to him, pleaded not guilty and put himself upon the country.    A jury was empanelled on April 20, 1927, for the trial of the indictment so found.

During the trial the identity of certain dolls was in issue, both to prove the defendant guilty of larceny under the indictment of these specific articles, and as a connecting link tending to show that the defendant took certain other articles described in the indictment as stolen by him.    The defendant contended that the dolls which were seized at his residence in Boston, which the Commonwealth contended were dolls stolen from Arthur H. Whitney at Watertown in the county of Middlesex, were his own and were made by him.    The Commonwealth summoned Carrie E. Atteaux of Brookline in the county of Norfolk, a maker of dolls.    In response thereto a physician presented a certificate stating that Mrs. Atteaux was under treatment for paralysis of the face; that it would be impossible for her to come to court, but that she could talk if she were interviewed in her home.    The Commonwealth thereupon moved that the court and jury be taken to the home of Mrs. Atteaux, and the motion, against the objection of the defendant, was granted.

The defendant had summoned one Arthur H. Whitney of Watertown in the county of Middlesex, the owner of the house in which the alleged larceny had occurred.    A physician, under the impression that Whitney was summoned by the Commonwealth, sent a certificate to the district attorney, stating in substance that Whitney had undergone a serious operation and was only recently permitted to leave

his bed and to sit in a wheel chair. The Commonwealth did not move to have the testimony of Whitney taken, but the judge stated that, because of the fact that there had been considerable testimony as to the layout of the house and the location of various rooms, he considered that, inasmuch as the testimony of Mrs. Atteaux was to be taken, he felt that a view would be helpful, and would so order a view taken of the Whitney premises on his own motion. The defendant seriously objected to this order.

Thereafter the judge, the jury, the clerk and the deputy sheriffs convened at the residence of Mrs. Atteaux in Brookline in the county of Norfolk. Mrs. Atteaux was sitting up when the court and jury arrived. She was sworn as a witness for the Commonwealth and testified that she made the dolls in question; and she positively identified them. She also testified in cross-examination by the defendant. The court then adjourned to the house of Whitney in Watertown. Whitney was sworn and examined by the Commonwealth, and cross-examined by the defendant. From the residence of Whitney the court returned to the court house at Cambridge, where the trial was resumed. The defendant was found guilty by the jury on the first count of the larceny of a pin, and on the fourth count of the larceny of two dolls; and not guilty on the other counts of the indictment.

At the close of the evidence, the defendant moved (1) to strike out the testimony of Carrie E. Atteaux; (2) to strike out the testimony of Arthur H. Whitney; (3) for a mistrial; and (4) in arrest of judgment. These motions were based substantially on the same reasons, and were denied. The question which underlies all these motions is, Has a judge of the Superior Court, after an indictment of a defendant, after his arraignment and plea, and after the empanelling of the jury to try the issues, authority to adjourn the trial to a place within the county other than to another shire town, or to any place whatsoever in any county other than the county where the offence described in the indictment is alleged to have been committed?

At common law the indictment for a crime must be found in the county where the crime occurred; and the issue must

be tried by a jury of that county, unless the case was removed
for trial into an adjacent county "for the necessity of an
indifferent trial." *Crocker* v. *Justices of the Superior Court,*
208 Mass. 162, 167, and cases cited to both points at pages
167–178. The court of common pleas was given authority
in a criminal case to order a view by a jury by Rev. Sts. c. 137,
§ 10. Except upon indictment for criminal nuisances, it
seems that at common law views were not allowed in a crim-
inal case "without mutual consent." Burr. 252. The
right to order a view at least since the statute, *supra,* extends
to places without as well as within the county where the
crime is alleged to have been committed. *Commonwealth*
v. *Dascalakis,* 246 Mass. 12, 29. *Commonwealth* v. *Gedzium,*
259 Mass. 453, 462. And the knowledge which the jurors
thus acquire is evidence in the case. *Tully* v. *Fitchburg
Railroad,* 134 Mass. 499. *Smith* v. *Morse,* 148 Mass. 407,
410. *McMahon* v. *Lynn & Boston Railroad,* 191 Mass. 295,
299. *Commonwealth* v. *Mercier,* 257 Mass. 353, 365. *Car-
penter* v. *Carpenter,* 78 N. H. 440; L. R. A. 1917 F, 974, and
annotation at 984. *Wall* v. *United States Mining Co.* 232
Fed. Rep. 613, 616. The right of the Superior Court to
order a change of venue from one vicinage to another for
the purpose of securing an impartial trial is a common law
right, which can be exercised in all cases not controlled by
constitutional or statutory enactments. *Crocker* v. *Justices
of the Superior Court, supra,* page 176. Statutes of the
Commonwealth since St. 1871, c. 240, have authorized a
change in the place of trial in capital cases upon the petition
of the defendant. These statutes provide that the district
attorney shall conduct the case in the new venue; St. 1871,
c. 240, § 3 (G. L. c. 277, § 53); direct that the clerk in the
county where the indictment is pending shall transmit the
original indictment with papers in the case to the clerk
of the courts for the county to which the venue has been
changed; G. L. c. 277, § 52; and provide that the sheriff of
the county where the indictment is pending shall deliver the
custody of the prisoner to the sheriff of the county to which
the venue has been changed; G. L. c. 277, § 54. The jurors
and the officers of the court where the indictment was pend-

ing did not follow the transfer of the indictment to the clerk of the adjacent county at common law, nor do they now do so perforce of any statute of the Commonwealth. As respects the place of trial within the county where the offence was committed, the power of the court was restricted when the indictment in the case at bar was found to the time and place provided by G. L. c. 212, § 14, unless the Chief Justice of that court had arranged for a special sitting at some other place and time; G. L. c. 212, § 21; or unless it was unsafe or inexpedient to hold a court at the time and place appointed, in which event "a justice of the court may appoint another time and place within the same county for holding the same." G. L. c. 220, § 5. *People* v. *Thorn,* 156 N. Y. 286. *Adams* v. *State,* 19 Tex. App. 1. See now St. 1927, c. 306, § 1, which took effect September 1, 1927.

It is plain that, when the judge, the district attorney of Middlesex County, the jurors drawn for the county of Middlesex, and the deputy sheriff directed to assist the courts in Middlesex County, convened in Brookline, and later in Watertown, there was no court functioning at a place established by law for the judicial administration of justice; there was no clerk to record the doings of the court; there were no officers present with authority to enforce the orders of the court; and there were no jurors of the county to decide the issues to be presented by the indictment. In a word, there was present at the house of Mrs. Atteaux, a judge, and no other person legally qualified to act as an officer of the Superior Court sitting in the county of Norfolk for the transaction of criminal business. The time and place prescribed by G. L. c. 212, § 14, for the civil and criminal sittings of the Superior Court for the county of Middlesex, as also for the county of Norfolk, are essential constituents for the organization of that court; and sittings cannot be held elsewhere, unless provision for sittings in other places is provided by statute. G. L. c. 34, § 3. G. L. c. 212, § 21. G. L. c. 220. St. 1927, c. 306. *Greenwood* v. *Bradford,* 128 Mass. 296. *McArthur Brothers Co.* v. *Commonwealth,* 197 Mass. 137. *Catheron* v. *County of Suffolk,* 227 Mass. 598, 602. *In re Allison,* 13 Col. 525. *Hobart* v. *Hobart,* 45

Iowa, 501.   *Carter* v. *State*, 100 Miss. 342.   *Adams* v. *State, supra.*

The judge in the case at bar was without authority to adjourn the court from the place in Middlesex County prescribed by law to any place in another county or to a different place than that prescribed in Middlesex County, and the sittings held in Brookline and in Watertown were consequently null and void.   It results that the entry must be

*Verdict set aside.*

*Case to stand for trial.*