RUTH GRAUL *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   November 15, 1927. — January 5, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Negligence,* Street railway: in causing snow obstruction in highway; Contributory. *Evidence,* Competency, Weather bureau record. *Snow and Ice. Notice. Practice, Civil,* Exceptions.

One injured by a fall upon a ridge of snow negligently piled, by a street railway company in clearing its tracks, at a point in a public street from which the company was not required to remove the snow, is not required, as a condition precedent to the maintenance of an action of tort against the company, to give the notice in ten days specified in G. L. c. 84, § 18.

Although, at the trial of an action against the street railway company to recover for the injuries received as above described, an employee of the city, called by the defendant, testified that he understood that, if the defendant removed the snow from its tracks and threw it alongside its rails, the city would remove it and that he understood from a letter that the defendant would not be required to remove snow for the full width of the street but would push it aside, it was proper for the judge to refuse to rule that the defendant had no responsibility for removal of snow which it had accumulated in the street in the form of a sloping bank, or that the defendant had violated no duty it owed the travelling public by reason of the way and manner in which it caused the snow to be piled along the street, the weight to be given to the testimony being for the jury and the question of the defendant's responsibility remaining one of fact for them to determine.

At the trial of the action above described, there was further evidence that on the street where the car tracks ran the snow was banked from two to three feet high near the curbstone, sloping down to or near the car track, starting with a depth of about six inches at the rail and sloping back to a depth of two or three feet at the sidewalk; and that on the day of the accident it was hard and slippery; that the plaintiff, a woman, climbed over the bank of snow and walked two feet and slipped on a slope three feet high, falling near the track and striking her back on a piece of ice; that the snow was piled up by the operation of plows of the defendant following a storm about a week before the accident; and that the operation of the plows at that time was similar to their operation on previous occasions. *Held,* that

(1) The question, whether the defendant had sustained the burden of proving that the plaintiff was not in the exercise of due care, was for the jury;

(2) A finding was warranted that the injury to the plaintiff was caused by negligence of the defendant in so heaping up snow in the street as to

cause an artificial obstruction to travel and that this condition had continued to the knowledge of the defendant for about a week.

The declaration in the action above described, which stated that the alleged negligence was in the operation or control of a snow plow and consisted of the way and manner in which the snow was piled along the street, was broad enough to support a finding of negligence both on the ground that the defendant created a dangerous obstruction to travellers in the street, and on the ground that the obstruction had been allowed to remain in the street an unreasonable length of time.

The admission, at the trial above described, of a certificate of the weather record of the city, signed by the meteorologist in charge of the weather bureau, which purported to state for the day of the accident and for each of the six preceding days the maximum and minimum temperatures, the amount of snow fall, and the depth of snow on the ground at 8 P.M., where it appeared that the facts stated therein were not contradicted by any other evidence, and the statements as to the amount of snow fall were not materially different from the testimony of witnesses on the same subject, was *held* not shown by the record injuriously to have affected the defendant's substantial rights, and, it not appearing that the defendant was harmed by it, or that prejudicial error was shown, an exception to its admission was overruled under G. L. c. 231, § 132.

TORT for personal injuries. Writ dated July 3, 1923.

In the Superior Court, the action was tried before *Greenhalge*, J. Material evidence is stated in the opinion. The judge denied a motion by the defendant that a verdict be ordered in its favor. There was a verdict for the plaintiff in the sum of $2,908.33. The defendant alleged exceptions.

*R. L. Mapplebeck*, for the defendant.

*J. T. Cassidy*, for the plaintiff.

SANDERSON, J. This is an action of tort to recover for personal injuries received in the forenoon of March 12, 1923, on Warren Street, near the corner of Savin Street, in that part of Boston known as Roxbury, by slipping on a ridge or hill of snow caused to be piled up by the defendant. In the notice given the defendant by the plaintiff's attorney on March 27, the time and the place of the accident were stated, together with the fact that the plaintiff's injuries were received by falling on a ridge of snow and ice. The notice also contained the statement that "Said ridge of snow and ice was caused to form and accumulate at said place by the negligent operation of a snowplow owned, operated and controlled by the defendant, its agents and servants."

The evidence tended to show that the plaintiff walked

down Savin Street to the corner of Warren Street for the purpose of boarding a street car of the defendant which ran along Warren Street; that the snow was banked from two to three feet high near the curbstone, sloping down to or near the car track, starting with a depth of about six inches at the rail and sloped back to a depth of two or three feet at the sidewalk; and that on the day of the accident it was hard and slippery. Witnesses testified that the snow was piled up by the operation of plows of the defendant following a storm about a week before the accident. They also testified that the operation of the plows on this occasion was similar to their operation on previous occasions.

The plaintiff testified that she climbed over the bank of snow and walked a couple of feet and on the top of a hill slipped on a slope three feet high, falling near the track and striking her back on a piece of ice; that she was helped up and took the next car for Dorchester, and, after leaving that car, walked to her aunt's house where she fainted. She later went home, the doctor was called and she remained in bed about two weeks and did not remember anything that happened until about two weeks after the accident; that during the time she was in bed she did not know where she was; that at the end of the two weeks the trouble cleared up and the details of the accident came back to her; and about that time she saw a lawyer at her house, and then for the first time told how the accident happened in detail. Other evidence tended to show that the plaintiff was in a dazed condition after the accident.

It is contended by the defendant that the plaintiff is barred from recovery because she failed to give the notice within the ten days required by G. L. c. 84, § 18. If it were true that this section of the statute is applicable to the plaintiff's case, still the testimony as to her mental and physical condition would make the question whether she was entitled to the extended period for the service of notice for which provision is made in G. L. c. 84, § 19, one of fact for the jury. The ten-day limitation on the time for service of the notice, required by G. L. c. 84, § 18, is now confined to cases of bodily injuries or property damage resulting from

a defect or want of repair in a way, caused by or consisting in part of snow and ice, which arise under G. L. c. 84, §§ 15, 16, 17, and the notice is to be given to the county, city, town or person by law obliged to keep the same in repair. The time for service of notice in cases arising under G. L. c. 84, § 21, now St. 1922, c. 241, has been extended to thirty days. The accident to the plaintiff occurred in a part of the street which the defendant was not obliged to keep in repair and no notice under G. L. c. 84, § 18, was required to be given within ten days as a condition to the maintenance of her action. *Dobbins* v. *West End Street Railway*, 168 Mass. 556, 557. *Mahoney* v. *Natick & Cochituate Street Railway*, 173 Mass. 587, 590. *Boston* v. *Boston Elevated Railway*, 186 Mass. 274. *Schneider* v. *Boston Elevated Railway*, 259 Mass. 564, 565.

A witness connected with the office of the commissioner of public works of the city of Boston, called by the defendant, testified in substance that Warren Street was not one of the streets from which the defendant was required to remove snow; that the witness understood that, if the defendant removed the snow from its tracks and threw it alongside its rails, the city would remove it; that he understood from a letter that the defendant would not be required to remove snow for the full width of the street, but would push it aside, and that the city of Boston, the public works department and the Boston Elevated Railway Company agree on the program of snow removal in town and certain of the main arteries like Warren Street; and that on certain streets the defendant is required to remove snow for the entire width. In G. L. c. 161, § 85, as amended by St. 1923, c. 482, § 3, authority is given certain designated public officials to make regulations for the clearance of snow from the tracks by street railway companies and for the removal of such snow from the streets. But the court could not rule upon this testimony that the defendant had no responsibility for removal of snow which it had accumulated in the street in the form of a sloping bank, as described by the witnesses, or that the defendant had violated no duty it owed the travelling public by reason of the way and manner in which it caused the snow to be piled along Warren Street. The testimony

of this witness presented at most a question of fact for the jury as to the relative duties of the defendant and the city in the matter of snow removal. *Lindenbaum* v. *New York, New Haven & Hartford Railroad,* 197 Mass. 314, 323.

The question whether the defendant had sustained the burden of proving that the plaintiff was not in the exercise of due care was for the jury. *Thomas* v. *Western Union Telegraph Co.* 100 Mass. 156, 158. *Mahoney* v. *Metropolitan Railroad,* 104 Mass. 73. They could have found that the injury in this case was caused by negligence of the defendant in so heaping up snow in the street as to cause an artificial obstruction to travel and that this condition had continued to the knowledge of the defendant for a week or more. *Seltzer* v. *Amesbury & Salisbury Gas Co.* 188 Mass. 242, 244. *McMahon* v. *Lynn & Boston Railroad,* 191 Mass. 295. *Miller* v. *Boston & Northern Street Railway,* 197 Mass. 535. In *Dixon* v. *Brooklyn City & Newtown Railroad,* 100 N. Y. 170, it was held that a street railroad corporation has the right to remove snow from its tracks, but is bound to exercise reasonable care and diligence in so doing, and if it negligently causes such an accumulation upon the street as to produce an obstruction, rendering travel unsafe, it is liable for injuries caused thereby.

The declaration is broad enough to support a finding of negligence both on the ground that the defendant created a dangerous obstruction to travellers in the street, and on the ground that the obstruction had been allowed to remain in the street an unreasonable length of time. The bill of exceptions states that the alleged negligence was in the operation or control of a snow plow and consisted of the way and manner in which the snow was piled along the street. The defendant contends that the plaintiff must fail in her action because she has not proved that the ridge of snow or ice upon which she fell was caused to form and accumulate by the negligent operation of a snow plow. It does not seem to have been disputed that the operation of the snow plows created the hill or pile of snow described in the testimony, and upon which the plaintiff received her injury, and the jury could have found that the creating of this obstruction

in the street by the defendant's plows was due to negligence in the operation of them. "For the changes in the condition of the snow from the condition that would have resulted from the storms alone, the jury might well find that the defendant was chiefly responsible." *Miller* v. *Boston & Northern Street Railway, supra*, page 539. The evidence to the effect that the plows in removing the snow from the tracks after the storm preceding the plaintiff's accident were being operated in the same manner as on previous occasions during the same winter is not conclusive in the defendant's favor on the issue of negligence. The questions, whether the defendant was negligent and the plaintiff was guilty of contributory negligence, were for the jury to decide.

The plaintiff, subject to the defendant's exception, introduced a certificate of the weather record of the city of Boston, signed by the meteorologist in charge of the weather bureau. This record purported to state for the day of the accident and for each of the six preceding days the maximum and minimum temperatures, the amount of snow fall, and the depth of snow on the ground at 8 p.m. The facts stated therein were not contradicted by any other evidence, and the statements as to the amount of snow fall were not materially different from the testimony of witnesses on the same subject. The defendant has not suggested how this evidence could have injuriously affected its substantial rights, and no prejudicial error is shown by its admission. G. L. c. 231, § 132.

*Exceptions overruled.*