Zottoli, J.
This is an action of tort brought to recover damages alleged to have been caused by a cave-in of the, plaintiff’s land due to an alleged withdrawal of lateral support of land owned by the defendant. The defendant’s answer, in substance, is a general denial and contributory negligence.
The judge’s report states that the case was submitted to the court on an agreed statement of facts; but it is obvious from the report that it was not so submitted, for, in addition to the said agreed statement of facts, five exhibits marked “D,” “E,” “F,” “G” and “H” were introduced into evidence “separately” from the agreed statement of facts. These exhibits consist of two photographs of the locus in question and three plans showing the location of the land in question and the structures thereon. It further appears from the report that, pursuant to an agreement of the parties contained in said agreed statement of facts, authorizing the court to view the locus in question, the court, *169 together with counsel for the parties, viewed the said premises. It follows, therefore, that as finally submitted to the court, it had before it for consideration not only the said agreed statement of facts, but also the exhibits above referred to and what it observed at the view.
After viewing the premises in question, the court passed on the plaintiffs ’ requests for rulings, made rather detailed special findings of fact, and found generally for the defendant. The plaintiffs claim to be aggrieved by the court’s denial of their requests for rulings numbered one, three, four and five.
The plaintiffs’ attorney, in his argument before this division, contended that what the judge observed at the view was not evidence and therefore should not have been considered by him as evidence. He conceded, and we think rightly so, that if what the court saw at the view could be considered by him as evidence, his special and general findings would be warranted, and not the subject of appellate review, for it is familiar law that in so far as the findings are of fact, and are warranted by the evidence and reasonable inferences to be drawn therefrom, the findings stand. Rollins v. Bazirgan, 252 Mass. 279; Okin v. Sullivan, 307 Mass. 227, 228, 229; Codman v. Beane, 312 Mass. 570, 573.
While it is true that the mere fact a report states that the judge took a view of the premises is not enough, by way of supplementing the evidence reported, to warrant a finding not otherwise tenable; Tully v. Fitchburg Railroad Co., 134 Mass. 499, 503; Munroe v. Carlisle, 176 Mass. 199; McMahon v. Lynn & Boston Railroad Co., 191 Mass. 295; Keeney v. Ciborowski, 304 Mass. 371; yet it is also true that where, as here, the court after taking a view makes written findings of facts observed by him at the view, and incorporates them in his report, what knowledge he acquires at the view and reports is considered evidence in the case. Parks v. Boston, *170 15 Pick. 198, 209; Tully v. Fitchburg Railroad Co., 134 Mass. 499, 503; Hanks v. Boston & Albany R. R. Co., 147 Mass. 495, 499; Smith v. Morse, 148 Mass. 407, 410; McMahon v. Lynn & Boston R. R. Co., 191 Mass. 295, 299; Wall v. United States Mining Co., 232 Fed. Rep., 613, 616; Comm. v. Handren, 261 Mass. 294, 297.
It sufficiently appears from the judge’s special findings incorporated in his report that on the view he took at the locus in question, he acquired knowledge of material facts which disproved the plaintiffs’ contention that the defendant or its predecessors in title had interfered with the lateral support of the plaintiffs’ premises. These special findings are fatal to the plaintiffs’ case, and rendered their requests immaterial. They were, therefore, properly denied.
Report dismissed.